DOWNEY, Judge.
Robert J. Purcell on March 9,1977, filed a two count (one for specific performance, the other for money damages) complaint against Deli Man, Inc., and Gerald Pomer-antz. Purcell had Pomerantz served in Massachusetts pursuant to Section 48.193, Florida Statutes (1977). On May 26,1978, a default was entered against Pomerantz, and on June 9, 1978, a final money judgment was entered in favor of Purcell.
On May 15, 1979, pursuant to Florida Rule of Civil Procedure 1.540(b), Pomerantz filed a motion to set aside the June 9, 1978, judgment. As grounds for his motion Pom-erantz asserted mistake and excusable neglect. As support for his motion Pomer-antz, on May 17,1979, served an affidavit in which he swore, among other things, that his being served with a summons and complaint in Purcell’s action “came as a shock inasmuch as I had nothing to do with Deli Man, Inc., and had merely loaned monies to my friend ... to enable him to purchase the business.” On May 25, 1979, Pomerantz signed a supplemental affidavit in support of his May 15th motion. In that supplemental affidavit Purcell swore, among other things, that he “did not do business with Robert Purcell” and that he “did not transact any business in Florida at any time material to this cause.” On May 31, 1979, the circuit court (Rodgers, J.) rendered an order denying the May 15, 1979, motion to set aside the final judgment of June 9,1978. Pomerantz did not seek rehearing of the order of denial or appeal from it.
On March 3, 1981, Pomerantz filed another motion, pursuant to Rule 1.540(b), to set aside the final judgment of June 9, 1978. No copy of that motion has been included in the record before us. However, we infer from the order granting the motion that Pomerantz asserted the June, 1978, judgment was void because the circuit court had not obtained personal jurisdiction since Purcell’s complaint “failed to allege sufficient facts to establish personal jurisdiction over [Pomerantz] pursuant to Florida Statute § 48.181 or § 48.193. ...”
Purcell, on authority of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), ap *379 peals from the March 25, 1981, order of the circuit court (Douglas, J.) granting Pomer-antz’s motion to set aside the final judgment of June, 1978, on the ground quoted above. We reverse upon a holding that the circuit court committed fundamental error in entertaining a second Rule 1.540(b) motion to set aside or vacate when the grounds in that second motion could have been raised in the first Rule 1.540(b) motion filed almost two years before the second motion. The error is fundamental because it goes to the heart of the present case.
Had the circuit court denied the second motion to vacate, its action would have been affirmed because the grounds raised in the second motion were raised or could have been raised in the first motion. Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971), approved in Carner Bank of Miami Beach v. R. G. Wolff & Company, Inc., 329 So.2d 298 (Fla.1976); cf. Malicoat v. La Chappelle, 390 So.2d 481 (Fla. 4th DCA 1980).
Accordingly, we reverse the order granting Pomerantz’s March, 1981, motion to set aside or vacate and remand the cause with directions that the circuit court enter an order denying the motion.
REVERSED AND REMANDED, with directions.
BERANEK and HERSEY, JJ., concur.