487 So.2d 1147 (1986)
Jessie M. HALL, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Teressa A. Norris, Appellees.
No. BF-464.
District Court of Appeal of Florida, First District.
April 22, 1986.
Bill A. Corbin, Blountstown, for appellant.
William H. Branch of Boyd, Thompson & Williams, P.A., Tallahassee, Chriss Walker, Dept. of Health and Rehabilitative Services, Tallahassee, for appellees.
MILLS, Judge.
Hall brings to this court's review the trial court's denial of his motion to set aside a final judgment of paternity, contending such action was an abuse of discretion and that the failure of the trial court to furnish him with a copy of the paternity judgment justifies ordering a new trial on the merits. We disagree and affirm.
On 18 January 1984, HRS and Teressa Norris filed a complaint against Hall to establish paternity of a minor child. Hall *1148 was never served with a copy of the complaint, nor did he answer it. However, on that same date, Hall signed a stipulation agreement with Ms. Norris which was approved and adopted by the trial court. The stipulation provided that both parties would submit to an HLA blood test and if the results should indicate a probability of paternity of 95% or greater, then the court would enter a final judgment of paternity, ex parte, and without further notice to or hearing of the parties.
After the test results were received, which showed a probability of paternity of 99.75 percent, a hearing was held and Hall was asked if he understood the test results and whether he had any objections to them. Hall stated he had no questions. The trial court then adjudged him the father of the minor child and entered a final judgment to this effect on 15 October 1984. However, Hall was never served with a copy and allegedly knew nothing about its entry until 1 November 1984. On 2 November 1984, Hall filed a motion to set aside the final judgment of paternity. The trial court denied the motion and this timely appeal followed.
The inquiry in this case must be confined to determining whether in ruling on Hall's motion to set aside judgment the trial court abused its discretion on the facts and circumstances asserted in the motion's behalf. In other words, the merits of the final judgment sought to be vacated cannot be reviewed in this appeal. Bland v. Mitchell, 245 So.2d 47 (Fla. 1970).
Hall's first claim is that the trial court lacked the necessary personal jurisdiction over him in order to enter the judgment, since there was no service of process in regard to the paternity complaint. Yet, Hall did not specifically raise this issue in his motion to set aside judgment. Rather, he only stated that he "was not provided due process of law in the execution of any documents in this cause... ." We find this was insufficient to preserve the issue of the trial court's lack of jurisdiction over Hall for appellate review. Moreover, the defect in service of process in this case was cured by Hall's participation in the proceedings through his signing of the stipulation. Green v. Hood, 120 So.2d 223 (Fla. 2d DCA 1960).
The final judgment of paternity was filed on 16 October 1984. Hall did not receive a copy until 1 November 1984. On appeal, he contends that this delay is sufficient grounds to set aside the judgment of paternity and entitles him to a new trial on the merits. This position is unsupportable.
Where a party asserts that he was not furnished with a copy of a final judgment and thus did not have timely notice of its entry, relief can be sought in the trial court by motion to set aside the order, coupled with a request that a new order be entered so as to preserve the right of appeal. Snelson v. Snelson, 440 So.2d 477 (Fla. 2d DCA 1983). Hall could have employed the same principle of law to request the trial court to set aside the judgment of paternity and re-enter a new order with a fresher date so as to preserve his right to file a motion for rehearing. Further, Hall had ample time to file an appeal of the paternity judgment but instead chose to file his motion to set aside the final judgment.
Accordingly, we affirm the trial court, finding no abuse of discretion in the denial of Hall's motion.
SMITH and THOMPSON, JJ., concur.