SCHWARTZ, Chief Judge.
This appeal is from an order granting the defendant-appellee U.S. Security Services, Inc. relief under Florida Rule of Civil Procedure 1.540(b) from an adverse jury verdict and judgment on the ground that the plaintiff-appellant Intercontinental Properties, Inc. had relied upon a forged document at the trial. Immediately after the entry of the order under review, Intercontinental filed a motion, with a supporting affidavit, to set it aside. The basis of this application, which was itself essentially based on 1.540(b), was that, notwithstanding a certificate of service, Intercontinental's counsel had been given no notice of the defendant’s 1.540 motion and hearing. The trial judge summarily denied Intercontinental’s motion without taking testimony. This was error.
Since an order or judgment entered without proper notice is void,[1] Shields v. Flinn, (Fla. 3d DCA Case no. 87-1733, opinion filed, October 27,1987) [12 FLW 2473]; Hammett v. Hammett, 510 So. 2d 632 (Fla. 3d DCA 1987); Falkner v. Amerifirst Fed. Sav. & Loan, 489 So.2d 758 (Fla. 3d DCA 1986), we vacate the 1.540 order in U.S. Security’s favor and remand for an evidentiary hearing as to whether that notice was in fact received by Intercontinental. Compare Hammett, 510 So.2d at 632 with Scott v. Johnson, 386 So.2d 67 (Fla. 3d DCA 1980). If the court finds that this was the case, it shall reinstate the order granting relief. See Shields v. Flinn, 12 FLW at 2473. If the determination is to the contrary — that is, that the order was entered without appropriate notice — the order shall stand vacated and the trial court shall conduct a full adversary hearing de novo on the merits of U.S. Security’s motion for relief on the forgery issue, including any defenses Intercontinental may raise to that motion, and enter a subsequent order in accordance with its conclusions.
Vacated, remanded with directions.

. There is no reason why an order entered under Rule 1.540 is not itself subject to relief under that same rule. Contrast Crocker Investments, Inc. v. Statesman Life Ins. Co., 515 So.2d 1305 (Fla. 3d DCA 1987) (no successive motions under 1.540 to review same order).