528 So.2d 74 (1988)
Keith ROSENBLATT, Appellant,
v.
Kim Louis ROSENBLATT, Appellee.
No. 87-0521.
District Court of Appeal of Florida, Fourth District.
July 6, 1988.
*75 No appearance for appellee.
Bernard C. Pestcoe and Heidi M. Roth of Bernard C. Pestcoe & Associates, P.A., Coral Gables, for appellant.
STONE, Judge.
This is an appeal from an order denying a motion to set aside a default and default judgment entered after the husband failed to respond within the twenty-day time limit to the wife's petition for dissolution of marriage. It is undisputed that trial courts in this state apply principles of "liberality" when considering a motion to set aside a default. See, e.g., North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). A default will be set aside upon a showing of excusable neglect, a meritorious defense, and due diligence. See Brandt v. Dolman, 421 So.2d 689 (Fla. 4th DCA 1982); Fla.R.Civ.P. 1.500.
Here, the appellant-husband was hospitalized twenty-five days after service of process. He had been shot and was paralyzed. The default was entered four days after the injury, and a default judgment was entered a month later. There is no serious dispute that the injury would have interfered with appellant's ability to file a response during the short period prior to entry of the default, nor that the husband used due diligence upon learning that his wife had pursued the dissolution. It is clear from the record that the trial court would have recognized the husband's failure to file a response as excusable neglect if his injury had occurred only a few days earlier, prior to the expiration of the twenty days allotted for a responsive pleading. The record, however, reflects that the trial court denied the motion because the injury occurred after the husband had intentionally allowed the twenty-day period to expire without responding. The husband concedes that until the injury he had no reason to file an answer to the petition.
The trial court concluded that principles of liberality did not apply, where the grounds for setting aside the default occurred after the petitioner was entitled to seek a default, since the respondent had already abandoned any intention of contesting the petition. The court also found that the wife, simply by visiting the husband in the hospital, did not overtly do or say anything to justify the husband's claim that she had caused him to believe that she had abandoned her intention of going forward with the dissolution.
The trial court additionally questioned whether the principle of liberality in setting aside defaults applied to a default judgment entered on the default. However, we recognize that the policy of liberality has been applied regularly in reviewing orders denying a motion to set aside the entry of a default judgment. See, e.g., Wentnick v. European American Bank and Trust Company, 487 So.2d 382 (Fla. 4th DCA 1986); Doane v. O'Donnell, 467 So.2d 424 (Fla. 4th DCA), rev. denied, 479 So.2d 118 (Fla. 1985); County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981); Florida Aviation Academy, Dewkat Aviation, Inc. v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984); U.S. Tobacco Co. v. Hartford Accident and Indemnity Co., 444 So.2d 81 (Fla. 2d DCA 1984). These cases recognize a broad liberal policy in the review of a motion to set aside either a default or a default judgment.
The order denying the motion was not based upon the exercise of discretion. Rather, the trial court concluded that it had no discretion as a matter of law. Because the court reached this conclusion, it did not go on to decide whether appellant had raised a meritorious defense.
*76 A party has a right to respond to an initial pleading at any time until a default is entered. Lake Towers, Inc. v. Axelrod, 216 So.2d 86 (Fla. 4th DCA 1968); Fla.R. Civ.P. 1.500(c). The unique facts of each case must be considered by the trial court in the exercise of its discretion to set aside a default. See Trans-World Realty Corporation-Plantation v. Realty World Corp., 507 So.2d 1201 (Fla. 4th DCA 1987); Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA), rev. denied sub nom. Hayslip v. Somero, 476 So.2d 674 (Fla. 1985); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981).
We can discern no compelling reason to apply a different standard here with respect to the application of the policy of liberality in setting aside a default. A trial court should not, as a matter of law, be precluded from exercising its broad discretion in considering a motion to set aside a default or default judgment where an event that would otherwise constitute excusable neglect occurs after the time for filing a responsive pleading, but prior to the entry of a default.
The judgment is, therefore, reversed and the cause remanded for further proceedings. We express no opinion as to how the trial court shall exercise his discretion on remand, except that we note that the trial court may take into consideration any resulting prejudice to the appellee if the appellant's motion were to be granted, as well as the issue of whether appellant has demonstrated the existence of a meritorious defense. Florida Aviation Academy, Dewkat Aviation, Inc. v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984).
ANSTEAD and GLICKSTEIN, JJ., concur.