FASTRACK APPEAL
GUNTHER, Judge.
Steeprow Enterprises (Steeprow) appeals the trial court order granting Lennar Homes, Inc.’s (Lennar) renewed motion to vacate default and default final judgment. We reverse.
After a default and default final judgment was entered against it, Lennar filed a sworn motion to vacate on the grounds of inadvertence and excusable neglect. A hearing was held and the trial court denied the motion to vacate. Lennar did not appeal the trial court order denying this motion to vacate. Subsequently, Lennar filed a renewed motion to vacate which the trial court granted. It is this order granting the renewed motion to vacate that is the subject matter of this appeal.
The issue presented is whether the trial court could properly consider Lennar’s renewed motion to vacate the default and default final judgment after having previously heard and denied the original motion to vacate the default and default final judgment.
Lennar argues that the trial court properly heard and granted its renewed motion to vacate. First, Lennar claims that its initial motion, although entitled motion to vacate default and default final judgment, was in fact a timely filed motion for rehearing pursuant to Florida Rule of Civil Procedure 1.530. Second, Lennar claims that its renewed motion was in fact its first Rule 1.540 motion to vacate default and default final judgment. Thus, Lennar argues, the trial court properly entertained the Rule 1.540 motion after it had denied the Rule 1.530 motion.
Despite Lennar’s contention, its initial motion was not a motion for rehearing, but was a motion to vacate default and default final judgment brought expressly pursuant to Rule 1.500(d). Rule 1.500(d) states that “[t]he court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b).” Fla. R.Civ.P. 1.500(d). Among other grounds., Rule 1.540(b) allows a court to relieve a party from a final judgment because of inadvertence or excusable neglect. Fla. R.Civ.P. 1.540(b). Lennar’s initial motion expressly advanced the argument of inadvertence or excusable neglect to convince the trial court to set aside the default and default judgment.
After the trial court denied Lennar’s initial motion, Lennar filed a second motion, which it now claims was really its first Rule 1.540 motion to vacate. The motion, though, is entitled a “renewed motion to vacate default and default final judgment.” As with the initial motion, the renewed motion was brought pursuant to Rule 1.500(d) and alleges inadvertence or excusable neglect as grounds for granting the motion and vacating the default and default final judgment. Furthermore, paragraphs one through six of the renewed motion are identical to paragraphs one through six of the initial motion. The only allegations of the renewed motion that differ from the allegations of the original motion deal with demonstrating to the trial court how it erred in its consideration of the initial motion. Consequently, the renewed motion to vacate default and default final judgment more closely resembles a motion for a rehearing than it does an *23 initial motion to vacate default and default final judgment.
As this court has held, “[a] trial court is without jurisdiction to entertain a second motion for relief from judgment which attempts to relitigate matters settled by a prior order denying relief.” Atlas v. City of Pembroke Pines, 441 So.2d 652, 652 (Fla. 4th DCA 1983) (per curiam), rev. denied, 450 So.2d 485 (Fla.1984); accord Mailcoat v. LaChappelle, 390 So.2d 481, 482 (Fla. 4th DCA 1980).
In conclusion, the trial court reversibly erred in entertaining Lennar’s renewed motion to vacate because the motion attempted to relitigate matters settled by a prior order denying relief. Therefore, the trial court order granting the renewed motion to vacate is reversed, and the trial court is instructed to reinstate its order denying Lennar’s initial motion to vacate default and default final judgment.
REVERSED AND REMANDED.
STONE, J., concurs.
ANSTEAD, J., dissents without opinion.