LaROSE, Judge.
 

 The trial court entered a summary foreclosure judgment against Joan B. Paul. The trial court subsequently denied her motion to set aside that judgment. Mrs. Paul moved for relief from that decision; the trial court entered an order denying relief. Mrs. Paul appeals from that order. We have jurisdiction.
 
 See
 
 Fla. R. App. P. 9.030(b)(1)(A). Because the trial court denied the motion based on a mistake of law, we reverse.
 

 Factual Background
 

 In July 2009, Wells Fargo filed a foreclosure action against Mrs. Paul. She was elderly and suffered from multiple physical and mental ailments. She did not respond to the complaint. Wells Fargo moved for a default and summary judgment. The trial court entered a final summary judgment against Mrs. Paul in February 2010; a foreclosure sale was set for May 2010.
 

 Mrs. Paul’s nephew, William Chiste, held a durable power of attorney authorizing him to act on Mrs. Paul’s behalf. He lived in Missouri and did not learn of the foreclosure lawsuit until late March 2010. When he learned of the lawsuit, Mr. Chiste came to Florida promptly. He assisted his aunt in retaining Barbara Goolsby of Florida Rural Legal Services to file an emer
 
 *981
 
 gency motion to set aside the final judgment and cancel the scheduled sale.
 
 See
 
 Fla. R. Civ. P. 1.540(b). Because the crowded foreclosure docket made it uncertain whether the trial court could hear the motion before the sale date, Ms. Goolsby asked Wells Fargo to abate the sale. The sale took place as scheduled. Wells Fargo purchased the property and assigned its rights to Freddie Mac, the Federal National Mortgage Association.
 
 [1]
 

 Thereafter, the trial court heard Mrs. Paul’s motion to set aside the judgment. Mrs. Paul first argued that Wells Fargo lacked standing to foreclose on a note and mortgage issued by Washington Mutual National Bank. The trial court properly rejected this argument. Wells Fargo’s “possession of the original note, indorsed in blank, [is] sufficient under Florida’s Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms.”
 
 Riggs v. Aurora Loan Servs., LLC,
 
 36 So.3d 932, 933 (Fla. 4th DCA 2010);
 
 see also Mortgage Elec. Registration Sys., Inc. v. Azize,
 
 965 So.2d 151, 153 (Fla. 2d DCA 2007);
 
 Troupe v. Redner,
 
 652 So.2d 394, 395-96 (Fla. 2d DCA 1995) (citing § 671.201(20), Fla. Stat. (1993)). We need say nothing further on this issue.
 

 The trial court then considered the merits of Mrs. Paul’s motion to set aside. We acknowledge that “default judgments are generally not favored by the courts, and a court’s discretion should be liberally exercised and all reasonable doubt resolved in favor of granting appliea-tions for relief so as to permit a determination of the controversy upon the merits.”
 
 U.S. Tobacco Co. v. Hartford Accident & Indem. Co.,
 
 444 So.2d 81, 83 (Fla. 2d DCA 1984). But to set aside the default judgment, Mrs. Paul was required to demonstrate a legal excuse — such as excusable neglect — for not responding to the complaint, a meritorious defense, and due diligence in seeking relief after learning of the default.
 
 See Szucs v. Qualico Dev., Inc.,
 
 893 So.2d 708, 710 (Fla. 2d DCA 2005). Any reasonable doubt is to be resolved in favor of Mrs. Paul.
 
 Id.
 

 Mrs. Paul and her daughter provided an affidavit asserting excusable neglect because they were incapable of responding to the complaint. They attached letters from physicians stating that Mrs. Paul lacked capacity to pay bills and take care of things in her daily life because of her mental ailments. The letters also reflected that the daughter’s psychological limitations made it difficult for her to focus on her mother’s affairs. As for a meritorious defense, Mrs. Paul averred that she qualified for a mortgage modification and could make the payments.
 

 Wells Fargo countered that Mrs. Paul failed to show excusable neglect. It noted that Mrs. Paul’s power of attorney was signed in late July 2009. According to Wells Fargo, because Mr. Chiste had the power of attorney before entry of the default, Mr. Chiste should have known about the foreclosure lawsuit and hired counsel sooner for Mrs. Paul.
 
 [2]
 
 Wells Fargo relied
 
 *982
 
 on the general principle that “a defendant’s failure to retain counsel or to understand the legal consequences of his inaction is not excusable neglect.” Szucs, 893 So.2d at 711 (holding shareholder’s failure to hire counsel because he did not understand plaintiff corporation was seeking money judgment did not constitute excusable neglect) (citing
 
 Joe-Lin, Inc. v. LRG Rest. Group, Inc.,
 
 696 So.2d 539, 540-41 (Fla. 5th DCA 1997) (holding defendant corporation’s officers’ belief that writing letter to plaintiff, instead of hiring counsel to answer complaint, was sufficient response did not constitute excusable neglect));
 
 see Goldome v. Davis,
 
 567 So.2d 909, 910 (Fla. 2d DCA 1990) (holding defendant’s failure to hire counsel because he did not realize plaintiff sought money judgment was not excusable neglect);
 
 Claffey v. Serafino,
 
 338 So.2d 270, 271 (Fla. 2d DCA 1976) (holding defendant’s failure to hire counsel to answer the complaint because he thought he would receive further notice of the proceedings not excusable neglect). A close reading of those cases reveals that they involved defendants whose only excuse for failing to hire counsel was their misunderstanding of their legal obligations. None involve a defendant, such as Mrs. Paul, who claimed excusable neglect based on her mental ailments. Thus, the governing principle may be more accurately stated as
 
 “absent other justifications,
 
 failure to hire counsel does not qualify as excusable neglect.”
 
 Schauer v. Coleman,
 
 639 So.2d 637, 639 (Fla. 2d DCA 1994) (emphasis added) (citing
 
 Kapetanopoulos v. Herbert,
 
 449 So.2d 947, 949 (Fla. 2d DCA 1984)).
 

 Alternatively, Wells Fargo argued that Mrs. Paul did hire counsel and that counsel failed to answer the complaint. Wells Fargo used these same arguments to claim that Mrs. Paul did not act diligently in seeking relief.
 
 [3]
 
 The record, however, contains nothing controverting Mrs. Paul’s assertions that the attorney hired in 2009 was retained only to prepare a power of attorney so that Mr. Chiste could act on her behalf if needed and that Mr. Chiste did not know about the foreclosure lawsuit until sometime in March 2010. Mrs. Paul had no counsel in this lawsuit until she retained Ms. Goolsby.
 

 The trial court denied Mrs. Paul’s motion to set aside. It felt compelled to let the foreclosure stand because the property was already sold and Mrs. Paul did not act when she should have. The transcript of the hearing reflects the following exchange:
 

 MS. GOOLSBY: Well, we are entitled to a hearing and an appeal on our motion to set aside the verified—
 

 THE COURT: If you take an appeal, I have no jurisdiction to do anything in the case. It has been sold and I can’t stop whatever has happened now.
 

 MS. GOOLSBY: Well, you have the authority to stop it.
 

 THE COURT: If you want a hearing on that matter, you need to bring me case law, a statute that says I can intervene. There is a rightful owner of that property at this point in time, ma’am. You’re going to have to set another hearing. I’m not just going to jump into something. If you present me with case law, a statute, I’ll be inclined to do that. MS. GOOLSBY: Well, your honor, if there is an order that we brought before
 
 *983
 
 this Court and it has been denied, we are entitled—
 

 THE COURT: Set up the hearing and give me a statute, and bring the authority-
 

 MS. GOOLSBY: Under the Florida constitution—
 

 THE COURT: Ma’am, I just ruled. If you want a hearing, please set a hearing.
 

 MS. GOOLSBY: All right, we will be filing a motion. Thank you, your Honor.
 

 The trial court directed Wells Fargo’s counsel to prepare an order denying the motion. Counsel stated that he would show the proposed order to Ms. Goolsby before submitting it to the court. Instead, counsel sent the proposed order directly to the trial court without notice to Ms. Gools-by. The trial court signed the proposed order. The service list attached to the order included Mrs. Paul, but not Ms. Goolsby. Ms. Goolsby was not served with a copy of the order, despite having filed numerous documents as Mrs. Paul’s counsel.
 

 Within a couple of weeks, Ms. Goolsby discovered that the trial court had issued its order. She filed a motion for relief. As previously directed by the trial court, Ms. Goolsby submitted case law to allay the trial court’s concern about its jurisdiction.
 
 See Sterling Factors Corp. v. U.S. Bank Nat’l Assoc.,
 
 968 So.2d 658, 665 (Fla. 2d DCA 2007) (holding circuit court has jurisdiction to set aside or reconsider foreclosure judgment upon proper motion after foreclosure sale).
 

 Ms. Goolsby asked the trial court to vacate the earlier order and grant relief from the default foreclosure judgment. Ms. Goolsby requested that if the trial court declined to set aside the default judgment, the trial court allow Mrs. Paul an opportunity to appeal.
 

 The parties addressed all issues related to the earlier order, including (1) whether the trial court should have copied Ms. Goolsby with the order, (2) whether the trial court could grant relief after sale, (3) whether Mrs. Paul’s illness could be a basis to find excusable neglect, and (4) whether Wells Fargo had shown it had standing to foreclose. The trial court denied the motion, and this appeal ensues.
 

 Failure to Copy Counsel with First Order
 

 The trial court stated that it found no notice of appearance by Ms. Goolsby that would require copying her with the order denying relief from judgment. Ms. Goolsby, however, was not required to file a notice of appearance. Florida Rule of Judicial Administration 2.505(e)(1) provides that an attorney may appear in a proceeding by “serving and filing, on behalf of a party, the party’s first pleading or paper in the proceeding.” Florida Rule of Civil Procedure 1.080(b) provides that “[w]hen service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court.”
 
 Boosinger v. Davis,
 
 46 So.3d 152, 154 n. 1 (Fla. 2d DCA 2010) (reversing order denying motion for relief where counsel received no notice because court clerk failed to update service list, remanding for reinstatement of cause of action). The trial court’s failure to provide Ms. Goolsby with the order denying the motion to set aside the default foreclosure judgment warrants Florida Rule of Civil Procedure 1.540(b) relief, even if for no other purpose than to reenter the order with a fresh date to preserve the right to appeal or to file a motion for rehearing.
 
 See Hall v. Dep’t of Health & Rehabilitative Servs.,
 
 487 So.2d 1147 (Fla. 1st DCA 1986);
 
 see also, e.g., Smith v. Garst,
 
 289 So.2d 774, 775-76 (Fla. 2d DCA 1974) (remanding case to trial
 
 *984
 
 court pursuant to rule 1.540 for reentry of order where counsel for incompetent petitioner not advised of order entry until after appeal deadline);
 
 Kanecke v. Lennar Homes, Inc.,
 
 543 So.2d 784, 785 (Fla. 3d DCA 1989) (holding where appellant did not receive notice of entry of order until after time for appeal expired, trial court as matter of law must grant rule 1.540(b) relief request to vacate and reenter it to restart time for appeal);
 
 Woldarsky v. Woldarsky,
 
 243 So.2d 629, 630 (Fla. 1st DCA 1971) (upholding trial court’s setting aside of final judgment pursuant to rule 1.540(b) and reentering it to allow appellant not timely served with copy of order time to appeal) (citing
 
 Rogers v. First Nat’l Bank at Winter Park,
 
 232 So.2d 377 (Fla.1970)).
 

 Relief After Sale
 

 Mrs. Paul advised the trial court of
 
 Sterling Factors,
 
 968 So.2d 658, in support of her position that the trial court had jurisdiction to grant relief even after a sale. Wells Fargo did not respond, and the trial court did not further question its jurisdiction after the sale. The trial court continued under the impression that, as a matter of law, it could not vacate the judgment.
 
 Sterling Factors
 
 instructs otherwise.
 

 Excusable Neglect
 

 Wells Fargo relied principally on three cases to support its argument that Mrs. Paul’s ailments could not establish a basis for the trial court to grant relief:
 
 Home Owners’ Loan Corp. v. Wilkes,
 
 130 Fla. 492, 178 So. 161, 163 (1938) (“The obligation of the mortgagor to pay or the mortgagee to foreclose in accordance with the covenants in the note and mortgage are all absolute and none of them are made contingent on the borrower’s health, good fortune, or ill fortune, or the regularity of his employment.”);
 
 Lee Cnty. Bank v. Christian Mut. Found., Inc.,
 
 403 So.2d 446, 449 (Fla. 2d DCA 1981) (“[Cjourts may not withhold entry of a foreclosure judgment merely because of adverse economic conditions and the resultant misfortunes of the mortgagor.”); and
 
 Republic Fed. Bank, N.A. v. Doyle,
 
 19 So.3d 1053, 1054 (Fla. 3d DCA 2009) (holding trial court abused its discretion in granting continuance of foreclosure sale date on ground of benevolence and compassion). After hearing arguments, the trial court ruled that it would not set aside the judgment because “unfortunately ... the ill health of the debtor and her daughter cannot be excusable neglect. The case law seems to be very clear on that, the good health, the poor health, the employment, the unemployment, it is not a factor that the Court should consider.”
 

 The cases upon which Wells Fargo relies are inapposite. All address proceedings to foreclose where the mortgagor’s health or ill fortune resulted in nonpayment of a mortgage. Here, Mrs. Paul argued that the trial court could grant rule 1.540 relief from a default foreclosure based on her excusable neglect in failing to respond to the complaint.
 
 See Am. Network Transp. Mgmt., Inc. v. A Super-Limo Co.,
 
 857 So.2d 313, 314-15 (Fla. 2d DCA 2003) (holding defendant’s failure to respond to complaint because of kidney stones was excusable neglect);
 
 Rosenblatt v. Rosenblatt,
 
 528 So.2d 74, 75 (Fla. 4th DCA 1988) (holding trial court has discretion to set aside default judgment for excusable neglect where husband did not answer complaint because he was shot and hospitalized);
 
 Leinberger v. Leinberger,
 
 455 So.2d 1140, 1141 (Fla. 2d DCA 1984) (holding evidence that defendant suffered from psychosis was a sufficient ground to vacate default for excusable neglect);
 
 Jasson D. Radding, Inc. v. Coulter,
 
 138 So.2d 380, 383 (Fla. 2d DCA 1962) (holding no abuse
 
 *985
 
 of discretion to set aside default judgment for excusable neglect based on defendant’s affidavit that he failed to answer complaint due to illness);
 
 Jax Sani Serva Sys., Inc. v. Burkett,
 
 509 So.2d 1251, 1252 (Fla. 1st DCA 1987) (holding default judgment could be set aside for excusable neglect where defendant was illiterate and wife was emotionally ill when served with process) (citing Leinberger). We stress, however, that as we understand them Mrs. Paul’s ailments do not constitute a meritorious defense to nonpayment should the trial court set aside the default judgment and reopen the litigation.
 
 See Home Owners’ Loan Corp.,
 
 178 So. at 163.
 

 Wells Fargo also relies on
 
 John Crescent, Inc. v. Schwartz,
 
 382 So.2d 383, 385-86 (Fla. 4th DCA 1980), as precedent for its position that the trial court had no discretion to find excusable neglect. Such reliance is misguided. As illustrated above, our own cases hold that illness or psychological condition can be a valid ground for finding excusable neglect. We agree with the First District’s decision in
 
 Jax Sani Serva System
 
 declining to follow
 
 Crescent’s
 
 rationale. 509 So.2d at 1252. Moreover,
 
 Crescent
 
 may be an anomaly
 
 [4]
 
 because subsequently in
 
 Rosenblatt,
 
 528 So.2d at 75, the Fourth District held that the defendant’s medical condition could constitute excusable neglect.
 

 Propriety of Second Motion for Relief
 

 Wells Fargo suggests on appeal that Mrs. Paul’s second motion to vacate was an improper second attempt to obtain relief from the final judgment. We disagree.
 
 Steeprow Enterprises, Inc. v. Lennar Homes, Inc.,
 
 590 So.2d 21 (Fla. 4th DCA 1991), cited by Wells Fargo, holds that a second motion is improper if it tries to relitigate issues settled by a previous order denying relief.
 
 Id.
 
 at 23;
 
 see also Crocker Invs., Inc. v. Statesman Life Ins. Co.,
 
 515 So.2d 1305, 1306 (Fla. 3d DCA 1987). This rule provides a rationale against successive motions but is not an absolute bar; it should be ignored “where its strict application would work an injustice.”
 
 Id.
 
 at 1307. For example, the Third District in Crocker affirmed a trial court’s order granting a second motion
 
 *986
 
 that raised additional legal grounds revealing that the default judgment was erroneously entered.
 
 Id.
 
 at 1308;
 
 see also Dep’t of Transp v. Bailey,
 
 603 So.2d 1384 (Fla. 1st DCA 1992) (holding that denial of first motion for relief from judgment, where jurisdictional argument was raised but not actually adjudicated, did not preclude review of second motion, which reasserted movant’s position more clearly).
 

 Here, the issues had not been settled at the first hearing; the trial court advised Ms. Goolsby that it was sympathetic to Mrs. Paul’s plight and would be inclined to set aside the foreclosure if she set another hearing and presented additional legal grounds that allowed him to intervene. At the subsequent hearing, Wells Fargo did not object that the motion was successive. Additionally, an order entered under rule 1.540, like the one appealed here, is itself subject to relief under that same rule.
 
 See Intercontinental Props., Inc. v. U.S. Sec. Servs., Inc.,
 
 515 So.2d 321, 322 (Fla. 3d DCA 1987);
 
 Nichols v. Hepworth,
 
 604 So.2d 574, 575-76 (Fla. 4th DCA 1992).
 

 Conclusion
 

 Generally, we review an order denying a motion to vacate a default for abuse of discretion.
 
 See Szucs,
 
 893 So.2d at 709. We conclude that the trial court did not base its orders on the exercise of discretion. Rather, it mistakenly concluded that it had no discretion to grant relief (1) after the sale and/or (2) based on Mrs. Paul’s mental condition.
 
 See Rosenblatt,
 
 528 So.2d at 75 (reversing denial of motion to set aside default where trial court mistakenly believed that it had no discretion to grant relief);
 
 Wells Fargo Fin. Sys. Fla., Inc. v. GRP Fin. Servs. Corp.,
 
 890 So.2d 383 (Fla. 2d DCA 2004) (reversing denial of motion to vacate foreclosure sale because trial court mistakenly believed it lacked discretion to vacate). Additionally, as stated above, the trial court was required as a matter of law to vacate the order denying the first motion to set aside because it did not provide Ms. Goolsby with a copy.
 
 See Hall,
 
 487 So.2d 1147.
 

 The determination of the correct legal standard to apply is a question of law that we review de novo.
 
 Henderson v. Henderson,
 
 905 So.2d 901, 903 (Fla. 2d DCA 2005) (“[A] [trial court’s] misconception of a controlling principle of law can constitute grounds for reversal”) (citing
 
 Applegate v. Barnett Bank of Tallahassee,
 
 377 So.2d 1150 (Fla.1979)). Because the trial judge ruled based on mistakes of law, we reverse the order denying relief and remand for reconsideration of Mrs. Paul’s motion to set aside the default foreclosure judgment.
 

 Reversed and remanded for further proceedings.
 

 SILBERMAN, C.J., and MORRIS, J., Concur.
 

 [1]
 

 . Because the matter has not been framed for us, we offer no opinion as to the impact, if any, that this assignment may have upon remand.
 

 [2]
 

 . Wells Fargo’s counsel told the trial court, "The power of attorney attached to this motion is a durable designation of a guardian.” That statement implies that Mr. Chiste became immediately responsible for Mrs. Paul's affairs. However, the document, titled "Durable Power of Attorney
 
 and
 
 Designation of Guardian,” does not designate Mr. Chiste as Mrs. Paul’s immediate guardian; rather, he becomes her guardian only if an attending physician deems her unable to make an informed consent to medical treatment or if it becomes necessary for a court to appoint a
 
 *982
 
 guardian for her person or property. The record does not suggest that either condition occurred.
 

 [3]
 

 . Wells Fargo has not argued that if, in fact, Mr. Chiste did not learn of the default until late March 2010, he did not then exercise due diligence in seeking relief on Mrs. Paul's behalf.
 

 [4]
 

 . In
 
 Crescent,
 
 the trial court found the wife's "unresolved anxiety” to be excusable neglect in not answering the complaint, but refused to set aside the default foreclosure judgment, presumably because the homeowners alleged no meritorious defense. 382 So.2d at 386. The trial court did set aside the judicial sale of the home, however, finding the sale price grossly inadequate and that the wife’s condition constituted that kind of "mistake, accident or surprise” necessary to invoke the court's equity powers.
 
 Id.
 
 The Fourth District reversed, holding that although the sale price was inadequate, the trial court erred in setting aside the sale because the wife’s allegations of mental incompetency failed to establish any of the augmenting grounds of "mistake, accident, surprise, fraud, misconduct or irregularity.”
 
 Id.
 
 at 385. The court cited
 
 American National Bank v. Lau,
 
 268 So.2d 567, 571 (Fla. 2d DCA 1972), and
 
 Arlt v. Buchanan,
 
 190 So.2d 575, 577 (Fla.1966), as controlling.
 
 Lau
 
 and
 
 Arlt
 
 each involved motions to set aside judicial sales where the appellants did not challenge the validity of the underlying foreclosure judgments. Both
 
 Lau
 
 and
 
 Arlt
 
 set forth the general rule that to set aside a judicial sale of property for grossly inadequate sales price, appellants must sufficiently allege augmenting facts or circumstances showing "mistake, accident, surprise, fraud, misconduct or irregularity” — a list from which "excusable neglect” is conspicuously absent — by the purchaser or other person connected to the sale. Similarly in
 
 Crescent,
 
 the validity of the underlying foreclosure judgment was not on appeal, and the court was reviewing only whether the sale should be set aside. In contrast here, we are reviewing not only the sale resulting from the foreclosure judgment, but the foreclosure judgment itself, which is a default judgment subject to set-aside for excusable neglect. This distinction may explain the result in
 
 Crescent.