LaROSE, Judge.
Raymond and Jacqueline Dage appeal a nonfinal order denying, for purposes relevant here, their motion to vacate a final judgment of foreclosure. We have jurisdiction. See Fla. R.App. P. 9.130(a)(4). The Dages argue that Deutsche Bank lacked standing when it filed suit. This fact, however, does not render the judgment void under Florida Rule of Civil Procedure 1.540(b)(4). Therefore, we affirm.
Deutsche Bank filed a two-count mortgage foreclosure complaint against the Dages in December 2008. Count I sought to reestablish a lost promissory note. Specifically, Deutsche Bank alleged that it “is the owner and holder of said note,” and that its assignor(s) were in possession of the note until the loss. Count II sought to foreclose the mortgage on the Dages’ home. Deutsche Bank attached a copy of the mortgage to the complaint. The copy showed Mortgage Lenders Network USA, Inc., as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS), as the mortgagee. The Dages did not respond to the complaint. The clerk entered a default against them in January 2009.
Deutsche Bank moved for summary judgment. It filed the original note endorsed in blank, a copy of the recorded mortgage, and a Corporate Assignment of Mortgage/Deed of Trust showing that MERS assigned the mortgage to Deutsche Bank a week after Deutsche Bank filed the complaint. The trial court entered a final judgment of foreclosure on July 10, 2009, and scheduled a July 18, 2010, sale date for the property.
In early July 2010, the Dages filed a notice of appearance and an emergency motion to cancel the sale. The trial court granted the motion. In February 2011, the Dages filed a motion to set aside the clerk’s default and final judgment. They presented through affidavit their own excusable neglect in failing to respond to the complaint; they claimed that they were making payments and applying for a loan modification through the loan servicers. They also argued that Deutsche Bank misrepresented its ownership and possession of the note and mortgage. More specifically, the Dages argued that Deutsche Bank did not hold or own the note when it filed suit. Our precedent is clear; the plaintiff must own or hold the note at the time of filing suit. See Country Place Cmty. Ass’n v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010).
The cases relied on by the Dages to support their argument that the trial court can set aside a foreclosure decree at any time before the sale are inapposite, either because they did not involve a clerk’s default, see Verizzo v. Bank of N.Y., 28 So.3d 976 (Fla. 2d DCA 2010); BAC Funding Consortium, Inc., ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936 (Fla. 2d DCA 2010); Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n, 968 So.2d 658 (Fla. 2d DCA 2007), or because the defaulted parties filed a timely motion to set the default aside, see Paul v. Wells Fargo Bank, N.A., 68 So.3d 979 (Fla. 2d DCA 2011); Palacio v. Alaska Seaboard Partners Ltd. P’ship, 50 So.3d 54 (Fla. 1st DCA 2010).
The Dages waited more than two years after the entry of the final judgment before moving to vacate the default and judgment. This was untimely. See Fla. R. Civ. P. 1.540(b) (providing that rule *1024 1.540(b) motion for relief from judgment for reasons (1), (2), and (3) — which include excusable neglect and fraud — shall be filed “not more than 1 year after the judgment, decree, order, or proceeding was entered or taken”).[1] Even if the motion had been timely, it was insufficient to entitle the Dages to the relief they requested. See Paul, 68 So.3d at 981. The movant must “demonstrate a legal excuse — such as excusable neglect — for not responding to the complaint, a meritorious defense, and due diligence in seeking relief after learning of the default.” Id. (citing Szucs v. Qualico Dev., Inc., 893 So.2d 708, 710 (Fla. 2d DCA 2005)). The Dages’ motion and affidavits stated no reason why the Dages failed to respond to the complaint. Instead, they discuss the Dages’ efforts to secure a loan modification.
The Dages argue that we should vacate the final judgment under Florida Rule of Civil Procedure 1.540(b)(4), which requires the filing of a motion to vacate within a reasonable time. Subsection (4) allows relief on the ground “that the judgment or decree is void.” The Dages argue that the foreclosure judgment is void because Deutsche Bank lacked standing when it filed suit. “[L]ack of standing is an affirmative defense that must be raised by the defendant and the failure to raise it generally results in waiver.” Phadael v. Deutsche Bank Trust Co. Americas, 83 So.3d 893, 895 (Fla. 4th DCA 2012) (citing Glynn v. First Union Nat’l Bank, 912 So.2d 357, 358 (Fla. 4th DCA 2005)). “[A] default terminates the defending party’s right to further defend, except to contest the amount of unliquidated damages.” Id. (citing Donohue v. Brightman, 939 So.2d 1162, 1164 (Fla. 4th DCA 2006)). Even if Deutsche Bank lacked standing when it filed suit, the final judgment is merely voidable, not void. Id. (citing Jones-Bishop v. Estate of Sweeney, 27 So.3d 176, 177 (Fla. 5th DCA 2010)). A voidable judgment may not be set aside under rule 1.540(b)(4). Sterling Factors Corp., 968 So.2d at 665; Phadael, 83 So.3d at 895 (citing Miller v. Preefer, 1 So.3d 1278, 1282 (Fla. 4th DCA 2009)); Beaulieu v. JPMorgan Chase Bank Nat’l Ass’n, 80 So.3d 365, 365 (Fla. 4th DCA 2012) (“Because appellant defaulted, she cannot contest, as she tries to do in her post-judgment motion, the allegations of the complaint that the appellee was the owner and holder of the note and mortgage.”) (citing State Farm Mut. Auto. Ins. Co. v. Horkheimer, 814 So.2d 1069, 1072 (Fla. 4th DCA 2001)). Accordingly, the trial court did not err in denying the Dages’ motion to vacate the default and final judgment of foreclosure.
Affirmed.
VILLANTI and CRENSHAW, JJ„ Concur.

. Rule 1.540(b) also states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.”