PER CURIAM.
The doctrine of res judicata precludes consideration not only of issues that were raised and decided in a proceeding but also of issues that could have been raised and decided. Angela Virgo appeals a motion to vacate a final judgment of foreclosure that sought vacatur on grounds that her participation in a federal modification program rendered the foreclosure inequitable. Because Virgo failed to raise this claim in a prior motion to vacate, we affirm.
Virgo executed and delivered a mortgage and note to National City Mortgage. Virgo defaulted on the mortgage, so in January 2009, National City filed a two-count complaint to foreclose on the note and mortgage.
A month later, National City sent Virgo a letter notifying her that she could be eligible to participate in the federal Home Affordable Modification Program (HAMP), which would allow her to obtain a modification of the terms of her loan and avoid foreclosure. The terms of the HAMP program would require Virgo to fill out paperwork to see if she qualified for a modification and to make timely trial period payments if qualified. Virgo applied for the HAMP program. While her application was pending, National City moved for summary judgment and obtained a final judgment of foreclosure in April 2009. A sale was originally scheduled for July 2009.
Apparently, a sale was not held as Virgo was offered a trial plan under HAMP in October 2009. The trial plan required Virgo to make three monthly payments to receive a permanent modification. Virgo was then offered a second trial plan in March 2010. Virgo attested to making all three payments under the second plan, and even making a fourth and fifth payment under that plan. However, National City rejected the fifth payment and proceeded with scheduling a foreclosure sale.
In February 2011, Virgo obtained counsel and filed her first motion to vacate the sale date, vacate the final judgment, and dismiss the case for fraud. (“First Motion to Vacate”). The First Motion to Vacate requested relief on grounds National City lacked standing to foreclose on Virgo’s home (because the mortgage lists the lender as National City Mortgage, but the plaintiff was National City Mortgage Co.) and on grounds the affidavit of indebtedness was fraudulent. The trial court denied Virgo’s First Motion to Vacate, and Virgo appealed.
While the first appeal was pending, a foreclosure sale was scheduled and held in June 2011. Virgo filed an amended objection to the sale, motion to vacate sale and final judgment, and motion to dismiss the case in September 2011. (“Second Motion to Vacate”). The Second Motion to Vacate specifically sought relief pursuant to rule 1.540(b)(4) and (5) on the following grounds: (1) National City lacked standing to foreclose because National City failed to allow Virgo to complete the HAMP program, which was a “condition precedent” to National City seeking foreclosure; and *1074 (2) National City’s action in offering Virgo a trial period but then denying her a permanent modification despite her compliance with the program rendered the final judgment no longer equitable. The trial court denied Virgo’s Second Motion to Vacate in December 2011 over Virgo’s objection that the trial court lacked jurisdiction to rule on the motion while an appeal was pending on the First Motion to Vacate.
Virgo argues the trial court erred in denying her Second Motion to Vacate on the merits without holding an evidentiary hearing.[1] National City asserts that Virgo’s claims in her Second Motion to Vacate are barred by either res judicata or collateral estoppel because they could have been raised in the First Motion to Vacate. The standard of review of a trial court’s ruling on a motion to vacate is abuse of discretion. Phadael v. Deutsche Bank Trust Co. Ams., 83 So.3d 893, 894 (Fla. 4th DCA 2012).
This court previously considered the application of the res judicata doctrine to subsequent motions to vacate in Purcell v. Deli Man, Inc., 411 So.2d 378 (Fla. 4th DCA 1982). In Purcell, the plaintiff received a final money judgment after a default was entered against the defendant. The defendant timely moved to vacate, asserting mistake and excusable neglect. The trial court denied the motion. Two years later, the defendant filed a second motion to vacate, arguing the final judgment was void because the complaint failed to allege sufficient facts to establish personal jurisdiction. The trial court granted the second motion. We reversed, holding it was fundamental error for the trial court to entertain a second motion to vacate when the grounds raised could have been raised in the first motion to vacate. Id. at 379. Purcell relied upon Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971), which explained that any issues raised or, through due diligence, could have been raised in a first motion to vacate are barred by res judicata from being raised in a second or subsequent motion to vacate. Id. at 467.
Here, Virgo does not argue that the issues raised in the Second Motion could not have been raised in the First Motion; instead, Virgo argues res judicata should not be applied because its application would work an injustice, citing Paul v. Wells Fargo Bank, N.A., 68 So.3d 979 (Fla. 2d DCA 2011). In Paul, the elderly homeowner failed to answer a foreclosure complaint. A default final judgment was entered, and the home sold. Id. at 980. The homeowner moved to set aside the final judgment on grounds of excusable neglect, which the trial court denied on grounds the home already had been sold. Id. at 981. However, the trial court suggested it would reconsider if the homeowner provided case law showing the trial court had jurisdiction to intervene. The homeowner filed a motion to vacate the order denying the motion to vacate with additional caselaw, which the trial court denied. Id. at 983. On appeal, the bank defended in part on grounds the second motion was an improper attempt to reliti-gate issues raised in the first motion. Id. at 985. The Second District held res judi-cata was not a bar when the issues were not settled at the first hearing, the trial court invited the homeowner to present additional case law, and the bank did not object to the second motion on grounds it was successive. Id. at 986.
None of the factors present in Paul exist in this case. National City opposed Virgo’s Second Motion before the trial court on the ground it was successive. *1075 There is no indication in the record that the trial court invited Virgo to file a second motion. Rather than raising issues unresolved from the First Motion, the Second Motion raises new issues regarding National City’s violation of HAMP and a purported settlement agreement that occurred in 2010. However, the facts supporting the Second Motion occurred before the First Motion to Vacate was filed so the basis alleged in the Second Motion could have been raised in the First Motion to Vacate. Therefore, we find res judicata bars Virgo’s Second Motion to Vacate in this case.

Affirmed.

MAY, C.J., TAYLOR and CONNER, JJ., concur.

. Virgo also argues the trial court lacked jurisdiction to consider the Second Motion. We affirm on this issue without discussion.