SUAREZ, J.
The petitioners seek a writ of certiorari to quash an order of the circuit court sitting in its appellate capacity, which affirmed the denial of the petitioners’ motion to vacate default judgment for lack of personal jurisdiction. We grant the petition for certiorari and remand for an evidentiary hearing. The trial court erred in applying Steeprow Enterprises, Inc. v. Lennar Homes, Inc., 590 So.2d 21 (Fla. 4th DCA 1991), which led to the court’s incorrect finding that it lacked jurisdiction to grant the Motion to Vacate. We conclude the trial court did have jurisdiction, as Steep-row is inapplicable to the facts of this case. The appellate division of the circuit court erred as a matter of law in affirming the trial court’s decision. Therefore, we remand for an evidentiary hearing as the allegations of defective service of process in the Verified Motion to Quash Service of Process, if proven, could void the judgment in question.
The respondents filed an eviction action against petitioner Richard Sewell, individually and as the registered agent of petitioner WES Real Estate, Inc., the occupying tenant. Before the complaint was filed, Mr. Sewell retained attorney Christopher Waldera to represent him in resolving the dispute between the parties. Upon filing the complaint, the respondents served Mr. Waldera but did not personally serve Mr. Sewell or post notice on the property pursuant to section 48.183, Florida Statutes (2003). The record contains an affidavit by the process server attesting that Mr. Waldera took possession of the papers but advised he did not have his client’s consent to accept service of process. Mr. Waldera continued negotiations after service of the complaint but never filed a notice of appearance or a responsive pleading. A default final judgment was ultimately entered on February 1, 2010.
On February 11, 2010, Mr. Waldera filed a “Verified Motion to Quash Service of Process,” requesting an order vacating the *1188 final judgment and default and quashing the service of process. Mr. Sewell signed the motion, attesting that he never waived service of process on behalf of himself or WES Real Estate, Inc. The trial court denied this motion by order dated September 23, 2010, advising the petitioners to “re-caption the motion, re-fíle, and re-set the hearing.” The petitioners did not appeal this order but subsequently renewed the motion on August 10, 2011. The trial court orally granted the motion at hearing but, upon further reflection, entered a written order denying the motion. It based its ruling on Steeprow, 590 So.2d at 23, which holds “a trial court is without jurisdiction to entertain a second motion for relief from judgment which attempts to relitigate matters settled by a prior order denying relief.” The circuit court affirmed this order on appeal.
Res judicata is limited to questions “actually litigated and decided.” Dep’t of Transp. v. Bailey, 603 So.2d 1384, 1387 (Fla. 1st DCA 1992). The trial court’s September 23, 2010 order was not a ruling on the merits. The trial court advised the petitioners to “re-caption the motion, re-file, and re-set the hearing.” See id. at 1387 (concluding argument was raised but not decided where issue was not argued before the trial court and order was insufficient to indicate ruling on merits); see also Paul v. Wells Fargo Bank, 68 So.3d 979, 986 (Fla. 2d DCA 2011) (“Here, the issues [in first motion for relief from judgment] had not been settled at the first hearing; the trial court advised [movant’s counsel] that it was sympathetic to [mov-ant’s] plight and would be inclined to [grant relief] if she set another hearing and presented additional legal grounds.... ”). Therefore, the August 10, 2011 motion at issue was a renewed motion, over which the trial court had jurisdiction; it was not a second motion requesting the same relief, over which the trial court would not have had jurisdiction. Accordingly, the trial court erred in concluding it lacked jurisdiction to grant relief under the renewed motion.
The mere existence of legal error, however, is insufficient to invoke cer-tiorari review of a circuit court’s appellate decision. Combs v. State, 436 So.2d 93, 95 (Fla.1983). Rather, the question is whether the circuit court afforded procedural due process and applied the correct law. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000) (citing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995)). Florida courts have recognized a distinction between a judgment that is void for “total want of service” and one that is voidable based on “irregular or defective service.” Decker v. Kaplus, 763 So.2d 1229, 1230 (Fla. 5th DCA 2000) (citing State v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1936)). A void judgment lacks legal force or effect and may be vacated at any time. Zitani v. Reed, 992 So.2d 403, 409 (Fla. 2d DCA 2008); Hayes v. Greenwald, 149 So.2d 586, 587 (Fla. 3d DCA 1963). By contrast, a voidable judgment must be attacked under Florida Rule of Civil Procedure 1.540(b) within one year and has legal force and effect unless and until it is vacated. Zitani 992 So.2d at 409.
Mr. Sewell alleges the judgment against him is void because he never authorized his attorney to accept service on his behalf. A complaint and summons may be served on a party’s attorney only if the party has “waived his right to personal service” by authorizing the attorney to accept service on his behalf. Anthony v. Rotella & Assocs., P.A., 906 So.2d 1205, 1208 (Fla. 4th DCA 2005). Here, the process server’s affidavit attests that Mr. Waldera told him he lacked authority to accept service of process. Additionally, *1189 the petitioners filed no pleadings that would indicate waiver and did not otherwise act to move the case forward. If Mr. Sewell did not waive service, then service on his attorney may constitute a “total want of service” rather than “irregular or defective service” and render the judgment void. The possibility that the judgment is void and not voidable compels us to grant the petition.
Accordingly, we issue a writ of certiorari to vacate the judgment. We remand the matter with instructions to the trial court to conduct an evidentiary hearing on the renewed motion dated August 10, 2011. See Leipuner v. FDIC, 860 So.2d 1027, 1028 (Fla. 5th DCA 2003) (“An evidentiary hearing is required where the allegations of an affidavit in support of a motion for relief from judgment, if proven, would establish that the judgment is void.”).