IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


AMERICAN COASTAL INSURANCE
COMPANY,

       Appellant,

 v.

                                   Case No.  5D21-1221
                                   LT Case No. 05-2020-CA-037089-X
                                   ==CORRECTED==

MARINA ISLES CLUB CONDOMINIUM
ASSOCIATION, INC.,

       Appellee.

_____/

Opinion filed May 13, 2022

Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

Ezequiel Lugo, of Banker Lopez
Gassler, P.A., Tampa, ==and Eleanor
Sills, of Banker Lopez Gassler, P.A.,
Tallahassee,== for Appellant.

George A. Vaka and Nancy A.
Lauten, of Vaka Law Group, P.L.,
Tampa, for Appellee.


WALLIS, J.

American Coastal Insurance Company (American Coastal) appeals the trial court's order denying its Petition to Compel Completion of Appraisal and the order denying its Motion to Set Aside that order. We agree with American Coastal with respect to the order denying the Motion to Set Aside and reverse that order.[1]

In its Motion to Set Aside, American Coastal argued that the trial court failed to serve all of its attorneys of record with a copy of the order denying the Petition to Compel Completion of Appraisal and, therefore, it was unable to timely move for rehearing or appeal that order. In support of its motion, American Coastal attached a sworn affidavit signed by Attorney Kaps stating that: he was not served with a copy of the order, he filed the Petition on behalf of American Coastal, he was legal counsel for American Coastal, and that his name and email address were listed on the signature block of the Petition to Compel Completion of Appraisal along with two other attorneys representing American Coastal. The affidavit also stated that Attorney Kaps appeared at the hearing on the Petition and presented arguments on behalf of American Coastal.

---

[1] Because we reverse the order denying the Motion to Set Aside, we do not address the arguments raised with regard to the order denying the Petition to Compel Completion of Appraisal.

"An attorney may appear in a proceeding . . . by serving and filing, on behalf of a party, the party's first pleading or paper in the proceeding." Fla. R. Jud. Admin. 2.505(e)(1) (2020); Paul v. Wells Fargo Bank, N.A., 68 So. 3d 979, 983 (Fla. 2d DCA 2011). Thus, we hold that the court abused its discretion in failing to set aside the order denying the Petition after it failed to serve Attorney Kaps with a copy of that order after he had appeared in the case. See Paul, 68 So. 3d at 983. Accordingly, we reverse and remand for the trial court to reenter the order so that American Coastal has the opportunity to file a timely motion for rehearing.

REVERSED and REMANDED with Instructions.

SASSO and WOZNIAK, JJ., concur.