# Third District Court of Appeal
## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0724
Lower Tribunal No. 22-4105
_____

**Cash Wallace Pawley, Sr.,**
Appellant,

vs.

**First National Bank of South Miami, N.A., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Cash Wallace Pawley, Sr., in proper person.

Dunwody White & Landon, P.A., and Jack A. Falk, Jr.; Behar Law P.A., and Jacobeli J. Behar; TorresVictor, and James M. Shaw and Doron Weiss, for appellees.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Appellant, Cash Wallace Pawley, Sr. ("Pawley") appeals a February 17, 2023 order, entered in a multi-defendant probate matter. The challenged order, *inter alia*, dismissed, with prejudice, all but one count of Pawley's sprawling, 14-count, amended complaint.

The trial court's elaborated, five-page, single-spaced order determined that several counts were duplicative of assertions made by Pawley in prior proceedings, were barred by Pawley's failure to timely file a statement of claim, or otherwise failed to state a cause of action. Upon our careful review of the record, we affirm the order in all respects. § 48.031, Fla. Stat. (2019); see also Fla. Dep't of Child. & Fams. v. Sun-Sentinel, Inc., 865 So. 2d 1278, 1284 n.9 (Fla. 2004) ("[A] motion to transfer venue, filed simultaneously with [or subsequent to] a timely asserted objection to personal jurisdiction, does not waive the jurisdictional objection."); Sewell v. Colee, 132 So. 3d 1186, 1188-89 (Fla. 3d 2014) ("A complaint and summons may be served on a party's attorney only if the party has 'waived his right to personal service' by authorizing the attorney to accept service on his behalf." (citing Anthony v. Rotella & Assocs., P.A., 906 So. 2d 1205, 1208 (Fla. 4th DCA 2005)); § 732.512, Fla. Stat. ("A writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and

describes the writing sufficiently to permit its identification."); DeWitt v. Duce, 408 So. 2d 216, 220-21 (Fla. 1981) (holding that where plaintiffs "had an adequate remedy in probate with a fair opportunity to pursue it[,]" the plaintiffs are "**barr[ed]** . . . from a subsequent action in tort for wrongful interference with a testamentary expectancy.").

In the challenged order, the trial court also dismissed, without prejudice, count 14 of Pawley's amended complaint—a count not interdependent to, nor inextricably intertwined with the counts dismissed with prejudice. To the extent that Pawley seeks appellate review of the challenged order's dismissal of count 14, we dismiss that portion of Pawley's appeal for lack of jurisdiction. See Liebman v. Miami-Dade Cnty. Code Compliance Off., 54 So. 3d 1043, 1045 (Fla. 3d DCA 2011) (dismissing in part in finding this Court "lack[ed] jurisdiction to review the two orders granting motions to dismiss the complaint without prejudice to amend. These orders are non-final and non-appealable."); see also Morgan v. Blancher, 489 So. 2d 1217, 1218 (Fla. 2d DCA 1986) ("An order of dismissal with leave to amend is not appealable because it is a nonfinal order.").

Affirmed in part; dismissed in part.