OTT, Chief Judge.
Appellant U.S. Tobacco Company appeals the denial of a motion to set aside a default final judgment entered in favor of appellee. We reverse.
Appellant, a foreign corporation, was a defendant in a suit in which appellee was the plaintiff. Appellee served appellant by serving a copy of the original summons and complaint on the Secretary of State of the State of Florida in accordance with section 48.181(1), Florida Statutes (1981).[1] Appel-lee did not comply with section 48.161(1)[2] which requires mailing by registered or certified mail a notice of service and copy of the process to the defendant or personally serving the defendant. Appellant failed to file a responsive pleading, and a default final judgment was entered April 5, 1982. A typed notation on the bottom of the final judgment indicated that a copy was “furnished” to appellant.[3]
On April 18, 1983, appellant received a copy of the judgment from appellee along with notification that appellee was instituting proceedings to collect. On May 18, 1983, appellant filed its motion for relief *83 from judgment pursuant to Florida Rule of Civil Procedure 1.540(b), alleging that the judgment was void due to defective service of process. The trial court denied the motion. No findings of fact appear in the trial court’s order, and the hearing on the motion was not reported.
Statutory provisions for substituted service of process must be strictly construed. George Fischer, Ltd. v. Plastiline, Inc., 379 So.2d 697 (Fla. 2d DCA 1980). If a plaintiff chooses substituted service under section 48.181(1), he is required to comply with one of the alternative methods in section 48.161. P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978).
Appellee concedes that it failed to comply with section 48.161. It argues that appellant failed to file its motion for relief within a reasonable time after receiving a copy of the final judgment. Appellee contends that the notation on the final judgment that appellant was furnished a copy is sufficient proof that appellant was aware of the judgment for more than a year prior to filing the motion for relief from judgment.
The appearance of appellant’s name at the bottom of the final judgment is insufficient, standing alone, to support a finding that appellant received a copy of the final judgment shortly after its entry. There is no evidence in the record that appellant had knowledge of the final judgment prior to receipt of appellee’s April 18, 1983 letter. Therefore, at the time of the hearing on appellant’s rule 1.540(b) motion, the record showed that service of process was defective and that appellant otherwise had no notice of the proceedings until shortly before filing the motion for relief from judgment. We accordingly reverse the denial of appellant’s motion for relief from judgment. The public policy of this state is well settled that default judgments are generally not favored by the courts, and a court’s discretion should be liberally exercised and all reasonable doubt resolved in favor of granting applications for relief so as to permit a determination of the controversy upon the merits. See, e.g., Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., 261 So.2d 540 (Fla. 3d DCA 1972).
REVERSED and REMANDED for further proceedings.
BOARDMAN and DANAHY, JJ., concur.

. 48.181 Service on nonresident engaging in business in state
(1) The acceptance by any person or persons, individually, or associated together as a copart-nership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations.

. 48.161 Method of substituted service on nonresident
(1) When authorized by law, substituted service of process on a nonresident or a person who conceals his whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $5.00 with the public officer or in his office or by mailing the copies' by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer’s return showing service shall be filed on or before the return day of the process or within such time as the court allows. The fee paid by the plaintiff to the public officer shall be taxed as cost if he prevails in the action. The public officer shall keep a record of all process served on him showing the day and hour of service.

.The notation was not in the form of a certificate of service. There is no indication of who was to "furnish” the copy to appellant or whether the copy was mailed or hand delivered.