PER CURIAM.
 

 Michael Berrios [“Berrios”] timely appeals the trial court’s order dismissing with prejudice his counterclaim against Krystal M. Pennea [“Pennea”] and Millennium Medical Management, LLC, a/k/a Deuk Spine Institute, Deuk Spine Institute, M.D., and Deuk Spine [“Deuk Spine”]. Berrios contends that the trial court erred by dismissing his counterclaim with prejudice. We affirm.
 

 On May 4, 2009, Pennea brought suit against Berrios, alleging that Berrios “negligently operated and/or maintained [a] motor vehicle so that it collided with [her] motor vehicle,” causing her to be injured. She received treatment for certain of her injuries from Deuk Spine. Among his affirmative defenses, Berrios asserted:
 

 8.Lastly, Plaintiff [sic] denies Plaintiffs damages to the extent that she claims payment on invoices that are not lawful or not properly payable as provided by Florida Law. More specifically, Defendant denies that the statements submitted for The Deuk Spine Institute are properly payable.
 

 Berrios also filed a “counterclaim,” seeking to make Deuk Spine a party to the lawsuit for declaratory relief. Berrios alleged in pertinent part:
 

 8. As part of the underlying claim for damages related to the accident, Pennea is requesting compensation for the charges from Deuk Spine Institute. Pennea’s counsel executed a “Letter of Protection” relating to the charges submitted by the Deuk Spine Institute, making the Deuk Spine Institute an interested party in this litigation, as the Deuk Spine Institute has a contingent interest in this litigation.
 

 9. Deuk Spine Institute allegedly billed Pennea in excess of $50,000 for various treatments and tests. See the related invoices attached hereto as Exhibit “A” and incorporated herein as if fully restated.
 

 10. Berrios questions whether or not the bills (and the services underlying those bills) submitted by Deuk Spine Institute were in compliance with all relevant applicable criminal, civil, and administrative requirements of state and federal law related to the provision of medical services, whether the bills were related to the accident underlying this action, and whether the charges constitute reasonable charges for which either Berrios or Pennea should be responsible.
 

 Berrios further alleged:
 

 16. Defendant believes that the bills submitted by Deuk are not compensable, represent bills for services that were not performed, and represent an unreasonable and excessive fee for the service performed. Defendant believes that neither Berrios nor Pennea should be responsible for any of the billed charges, or alternatively, that neither party should be responsible for the full amount of the billed charges.
 

 Berrios requested that the trial court determine the following:
 

 a. Whether the bills and the services underlying those bills submitted by Deuk Spine Institute were in compliance with all relevant applicable criminal, civil, and administrative requirements of state and federal law related to the provision of medical services, and as such,
 
 *969
 
 whether either Berrios or Pennea is responsible for the payment of such bills;
 

 b. Whether the charges submitted by Deuk Spine Institute constitute compen-sable charges payable by either Berrios or Pennea;
 

 c. Whether the charges submitted by Deuk Spine Institute constitute excessive, and thus non-compensable, charges for which neither Berrios nor Pennea is responsible.
 

 d. Whether Berrios or Pennea is responsible for any, or the full amount, of the charges submitted by Deuk Spine Institute.
 

 Deuk Spine filed a motion to dismiss Berrios’ counterclaim or, in the alternative, a motion for a more definite statement. In its motion, Deuk Spine argued:
 

 6. As set forth herein, Berrios’s declaratory action fails because (1) the Defendant does not have standing to sue the Plaintiffs medical provider for declaratory relief, (2) declaratory relief is not available to re-assert affirmative defenses to a tort claim; (B) Berrios has not asserted a basis upon which declaratory relief would be useful in clarifying any legal relations at issue (4) Berrios nor Pennea can assert violations of “criminal, civil, and administrative requirements” as a basis for non-payment of the medical bills, and (5) Berrios cannot obtain a declaration of the rights and liabilities of the Plaintiff to her medical provider.
 

 It also filed a supplemental memorandum of law in support of its motion to dismiss the counterclaim, arguing:
 

 In addition to the arguments set forth in [Deuk Spine’s] Motion to Dismiss filed June 10, 2009, the “Counterclaim” filed by Defendant Berrios must be dismissed because Berrios cannot state a cause of action against Plaintiff Pennea. Berr-ios[’] entitlement to add [Deuk Spine] to the litigation pursuant to Florida Rule of Civil Procedure 1.170 is contingent upon his first having a valid cause of action against the Plaintiff[], Since Berrios does not possess the threshold requirement of a valid cause of action against Pennea, there is no basis upon which to determine whether the presence of additional parties is required to grant complete relief.
 

 Pennea filed a motion to dismiss Berrios’ counterclaim with prejudice, arguing:
 

 6. Berrios’s declaratory action fails because (1) declaratory relief is not available to re-assert affirmative defenses to a tort claim; and (2) Berrios cannot obtain a declaration of the rights and liabilities of the Plaintiff to her medical provider.
 

 After conducting a hearing on Deuk Spine’s motion to dismiss, the trial court entered an order of dismissal. In the order, the trial court said:
 

 1. Defendant BERRIOS is only liable for, and Plaintiff PENNEA is only entitled to recover, “[t]he reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) in the past [or to be so obtained in the future]. Florida Standard Jury Instruction 6.2(b).
 

 2. The extent of defendant’s liability for plaintiffs medical expenses will be completely determined through Plaintiffs Complaint and no additional parties are required for a full adjudication of this issue or to grant complete relief to the parties.
 

 A trial court’s dismissal of a complaint for declaratory judgment is subject to an abuse of discretion standard of review.
 
 Orange Cnty. v. Expedia, Inc.,
 
 985 So.2d 622, 624 (Fla. 5th DCA 2008).
 

 
 *970
 
 Notwithstanding the trial court’s succinct ruling, Berrios contends on appeal that he properly stated a cause of action for declaratory judgment. The question presented is whether Berrios is entitled to join Pennea’s health care provider as a third party defendant in order to obtain a declaratory judgment that its invoices are not “lawful” or otherwise are “not properly payable.”
 
 [1]
 
 We are told this is one of multiple cases in this district in which the insured defendant in a personal injury lawsuit is seeking to make a third party provider of health care services to the plaintiff a party to the lawsuit.
 

 Because Pennea brought a negligence action against Berrios seeking damages that include payment of medical expenses, Berrios holds the right to challenge the reasonableness and necessity of the medical expenses, just as he would any other claim. Any challenge by Berrios with respect to the reasonableness and necessity of the medical expenses can be — and has been — asserted as an affirmative defense in Pennea’s negligence action. During the hearing on Deuk Spine’s motion to dismiss Berrios’ counterclaim, the following exchange took place between Berrios’ counsel and the trial court:
 

 [BERRIOS’ COUNSEL]: And we believe that those bills are not lawfully compensable.
 

 THE COURT: What about 6.2? That’s an issue in every case. I’ve got to instruct that jury. And the plaintiff cannot recover the bills unless they’re reasonable and necessary.
 

 [BERRIOS’ COUNSEL]: That’s true. THE COURT: That’s it.
 

 [BERRIOS’ COUNSEL]: That’s entirely correct, Judge.
 

 THE COURT: It’s already an issue, what do you need to counterclaim for?
 

 [BERRIOS’ COUNSEL]: That doesn’t get to the next issue as to whether or not the bills are lawful. For example, if the doctor is not licensed in the State of Florida, then those bills would not be compensable.
 

 THE COURT: Well, you can say they weren’t reasonable and they weren’t necessary.
 

 [BERRIOS’ COUNSEL]: And, Judge, that—
 

 THE COURT: They weren’t reasonable. They went to some quack who wasn’t licensed. You can argue that.
 

 Berrios is liable for Pennea’s medical bills only to the extent that the medical expenses are reasonable and necessary. Whether Deuk Spine, as the provider associated with the medical expenses, acted “in an unlawful manner” is an issue that Berr-ios can raise to the extent it affects the reasonableness of the medical bills. If, as Berrios hints, Deuk Spine was not licensed in the State of Florida to perform the medical procedure on Pennea for which it billed her, Pennea’s medical expenses associated with the medical procedures performed by Deuk Spine may not be reasonable medical expenses.
 

 While the existence of another available remedy does not preclude a judgment for declaratory relief, a viable declaratory claim must be asserted and exceptional circumstances must be shown for the prosecution of such a claim where there is a pending suit at the time the action is initiated, and the issues raised in the action can be resolved in the pending suit.
 
 See Taylor v. Cooper,
 
 60 So.2d 534, 535 (Fla.1952) (finding that declaratory de-
 
 *971
 
 cree statute “[could not] be invoked because [it][was] of the opinion that [it] should follow the almost universal rule to the effect that if at the time the proceeding for a declaratory decree is initiated a suit is already pending which involves the same issues and in which litigation the plaintiff in the declaratory decree action may secure full, adequate and complete relief, such bill for declaratory decree will not be permitted to stand”);
 
 Kies v. Fla. Ins. Guar. Ass’n,
 
 435 So.2d 410, 411 (Fla. 5th DCA 1983) (“[t]he resolution of the cross-claim and counterclaim turned on facts which were common to the claim raised by the amended complaint and the affirmative defense” and that “[t]he trial court should not have entertained a separate action for declaratory judgment on an issue properly raised in the pleadings in the main action, and already before the court”).
 

 Relying on
 
 Stuart v. Hertz Corp.,
 
 351 So.2d 703 (Fla.1977), the Florida Justice Association, appearing as amicus curiae, urges that Berrios cannot bring Deuk Spine into Pennea’s negligence action because such a practice would undermine the physician/patient relationship. It would discourage physicians from treating patients who may have to file suit to recover compensation for their injuries because of the risk that they will be dragged into the litigation. In
 
 Stuart,
 
 the Florida Supreme Court held that “the initial tortfeasor, [could] not file a third-party complaint seeking indemnity for the alleged aggravation of the injuries by the negligence of the treating physician.” 351 So.2d at 706. It reasoned:
 

 An active tortfeasor should not be permitted to confuse and obfuscate the issue of his liability by forcing the plaintiff to concurrently litigate a complex malpractice suit in order to proceed with a simple personal injury suit. To hold otherwise would in effect permit a defendant to determine the time and manner, indeed the appropriateness, of a plaintiffs action for malpractice. This decision eliminates the traditional policy of allowing the plaintiff to choose the time, forum and manner in which to press his claim....
 

 The choice of when and whether to sue his treating physician for medical malpractice is a personal one which rightfully belongs to the patient. A complete outsider, and a tortfeasor at that, must not be allowed to undermine the patient-physician relationship, nor make the plaintiffs case against the original tort-feasor longer and more complex through the use of a third-party practice rule which was adopted for the purpose of expediting and simplifying litigation.
 

 The complex issues of liability to be resolved in a medical malpractice action are foreign to the resolution of liability in the typical personal injury suit. Indeed Fla. R. Civ. P. 1.180 itself recognizes that not all third party claims should be allowed to proceed by providing that any party may, in addition to a motion to strike, move for its severance or separate trial. The courts in the past have exercised this discretion in furtherance of convenience or to avoid prejudice, or when separate trials are conducive to expedition and economy....
 

 In summary, to allow a third party action for indemnity, as in the case sub judice, would not only incorrectly expand traditional concepts of indemnity to the point of making it indistinguishable from contribution, but also expand the applicability of the third-party rule and make it a tool whereby the tortfea-sor is allowed to complicate the issues to be resolved in a personal injury suit and prolong the litigation through the filing of a third-party malpractice action.
 

 
 *972
 

 Id.
 
 (citations omitted). Berrios counters that
 
 Stuart
 
 is not relevant because “the question is not who is legally responsible for the damages at issue, but are non-compensable, unlawful, unpaid medical bills even damages at all.” We do not find that distinction persuasive.
 

 Berrios’ attempt to append this “legality” challenge to Pennea’s personal injury lawsuit will delay, complicate and increase the expense of an otherwise straight-forward suit to recover damages for personal injury. Allowing the personal injury defendant to sue any or all of the plaintiffs health care providers and join them in the litigation would also subject Deuk Spine to direct participation in the litigation, including the broad discovery obligations of a party. Berrios responds that where a proper cause of action has been pled and the party pleading it has a good faith basis for asserting its claims, the fact that the health care providers do not want to be a party to the suit or to respond to discovery does not mean the suit is nothing more than harassment. Perhaps not, but where the claim is (at best) marginal and the adverse impact on the personal injury plaintiff seeking compensation for her injuries and the health care providers Berrios seeks to add to the lawsuit is great, the trial court is well within its discretion not to allow it. If Berrios has a legally cognizable claim to assert against Deuk Spine based on “illegality,” it can be brought independently.
 

 AFFIRMED.
 

 GRIFFIN, PALMER, JJ., and PERRY, B., Associate Judge, concur.
 

 [1]
 

 . If not subject to dismissal for the reason stated by the trial judge, the complaint should be dismissed for failing to state a cause of action. Florida is a fact-pleading state; "not lawful” and "not properly payable” are conclusions, not facts.