PALMER, J.
Yarelys Ramos appeals the trial court’s summary final judgment order entered in *1151 favor of appellee, CACH, LLC, on her counterclaim alleging violation of Florida’s Consumer Collection Practices Act (“FCCPA”).[1] See §§ 559.715;[2] 559.72,[3] Fla. Stat. (2010). Because no private cause of action exists for the alleged statutory violation, we affirm.[4]
Ramos allegedly owed a credit card balance to FIA Card Services,- N.A. FIA assigned its rights against-Ramos to CACH. Two days after the assignment of those rights, CACH informed Ramos of the assignment in a letter which stated: “This is a demand for full payment of your account.” The letter further declared: “this is'an Attempt to collect A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.” Some months later, CACH sent another letter to Ramos demanding full payment and, when payment was not remitted, CACH filed the instant collection lawsuit.
In her answer, Ramos asserted affirmative defenses as well as a counterclaim. In her counterclaim, Ramos asserted two claims arising from CACH’s alleged violation of the notice provision in section 559.715: (1) CACH’s violation of the notice provision constitutes a violation of section 559.72(9) and (2) her entitlement to declaratory and injunctive relief pursuant to sections 559.77[5] and 86.021 [6] of the Florida Statutes (2010).
CACH filed a motion seeking summary judgment alleging, inter alia, that Florida law does not recognize a private cause of action for Ramos’ claimed statutory violation. The trial court entered summary judgment against Ramos on that basis.
Entry of “[sjummary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a *1152 judgment as a matter of law.... [T]he standard of review is de novo.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Ramos first contends that a violation of the FCCPA’s notice provision simultaneously constitutes a violation of section 559.72(9), which establishes a cause of action against creditors. Specifically, Ramos argues:
Appellants’ first cause of action claimed that when CACH issued its collection letter only two days after assignment, it was asserting the existence of a legal right (the right to collect the debt) that it knew it did not have in violation of section 559.72(9).
CACH responds by citing to Thomas v. Commercial Recovery Systems, Inc., No. 8:07-CV-1104-T-23MAP, 2008 WL 5246296, at *4 (M.D.Fla. Dec. 16, 2008), where the court addressed the same legal argument raised by Ramos here. The Thomas court rejected the argument, explaining:
In general, a statute that does not purport to establish civil liability ... will not be construed as establishing a civil liability. The FCCPA creates a civil remedy only for a violation of § 559.72— Absent an indication of legislative intent to create a private cause of action for a violation of § 559.715, such a remedy may not be judicially engrafted onto the FCCPA. The plaintiff attempts to avoid the statutory scheme by alleging that CRS’s violation of section 559.715 constitutes an unlawful attempt to enforce a debt pursuant to section 559.72(9). The plaintiff fails to show a legislative intent to provide a civil remedy for violation of the notice provision.
2008 WL 5246296 at *4 (citations omitted). We agree with this reasoning and adopt it as our own.
Ramos attempts to distinguish Thomas by suggesting that FCCPA’s 1993’s notice provision contained different language at the time Thomas was decided. The 1993 version of the statute stated that the as-signee “must give the debtor written notice of such assignment within 30 days after the assignment.” In contrast, the 2010 version of the statute states that the “assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt.” Thus, the 2010 changes to section 559.715 merely changed when notice is due; the changes did not create a private cause of action. Weakening Ramos’ argument further, section 559.72 currently makes no reference to the FCCPA’s notice provision.
The Middle District of Florida recently followed the reasoning of Thomas, while applying the notice provision as amended in 2010. Wright v. Dyck-O’Neal, Inc., No. 215CV249FTM38MRM, 2015 WL 6560444, at *2 (M.D.Fla. Oct. 27, 2015). In Wright, the court addressed facts similar to those in Thomas:
Plaintiffs are a group of homeowners who defaulted on their mortgages between 2008 and 2010. Following foreclosure, the judgments were assigned to Defendant Dyck-O’Neal who sought to collect any deficiency. Dyck-O’Neal, by and through its agent, Defendant Con-suegra, mailed Plaintiffs dunning letters demanding payment. When Plaintiffs did not pay, Dyck-O’Neal filed suit in Florida state court.
Id. at *1 (citations omitted). The plaintiffs alleged that the defendant had violated the FCCPA’s notice requirements by seeking to collect the plaintiffs’ debts before providing them with notice of the assignment to Dyck-O’Neal. The plaintiffs argued *1153 that section 559.72(9) triggers liability for the violations of the notice provision. Of consequence, the Wright court observed the following:
[The plaintiffs] base[d] their argument on § 559.72(9)’s clause that prohibits asserting] the existence of some other legal right when such person knows that the right does not exist. Plaintiffs presumably reason that Defendant Con-suegra’s letters were an assertion of the existence of a legal right-the right to collect a debt-when it knew that right did not exist because notice of the prior assignment was never given under § 559.715.
Id. In rejecting this argument, the Wright court emphasized legislative intent and the FCCPA’s structure:
A debt collector’s obligation to provide a notice of assignment is set forth in a separate section, § 559.715, and no analogous requirement is contained in § 559.72. Had the Florida legislature intended to enact a private right of action for violating § 559.715, it could have done so, either by explicitly including language authorizing a private right of action in the statute, or by referencing § 559.715 in § 559.72. Because the legislature chose not to do so, the Court declines Plaintiffs’ invitation for it to graft into the FCCPA a remedy for failure to provide a notice of assignment.
Id. (citations omitted). The court then concluded:
In short, Plaintiffs cannot avoid the statutory scheme by alleging that Defendant Consuegra’s violation of § 559.715 constitutes an unlawful attempt to enforce a debt under § 559.72(9). Adopting Plaintiffs’ approach would result in an end-around the Florida legislature’s decision to exclude civil liability under § 559.715.

Id.

Ramos also argues that it was reversible error for the trial court to enter summary judgment on her request for declaratory relief because she was “entitled to a declaration regarding the statutes at issue; specifically, whether notice of assignment is a condition precedent to collecting the debts at issue' and whether CACH violated section 559.72(9) by attempting to collect debts when it knew it did not have the right to collect such debts.” We disagree.
To obtain declaratory relief, a party must demonstrate that
[t]here is a bona fide, actual, present practical need for declaration; that the declaration should deal with present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of complaining party is dependent on fact or law applicable to facts; that there is some person or persons who have, or reasonably may have actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.
Orange Cnty. v. Expedia, Inc., 985 So.2d 622, 625-26 (Fla. 5th DCA 2008). We have further explained:
[W]hile the existence of another available remedy does not preclude a judgment for declaratory relief, a viable declaratory claim must be asserted and exceptional circumstances must be shown for the prosecution of such a claim where there is a raised in the action can be resolved in the pending suit.... [Courts should follow] the almost universal rule ... that if at the *1154 time the proceeding for a declaratory decree is initiated a suit is already pending which involves the same issues and in- which litigation the plaintiff in the declaratory decree action may secure full, adequate and complete relief, such -bill for declaratory decree will not be permitted to stand.
Berrios v. Deuk Spine, 76 So.3d 967, 970-71 (Fla. 5th DCA 2011) (internal quotation marks omitted).
Here, CACH’s still-pending collection lawsuit was pending at the time Ramos asserted the entitlement to declaratory relief in her counterclaim. Thus, adherence to the rule cited above required that Ramos be denied declaratory relief. Further, Ramos’ claim for injunctive relief is ancillary to her claim for declaratory- relief'and is, therefore, unavailable.
AFFIRMED.
LAWSON, C.J. and TORPY, JJ., concur.

. John Prater has not appeared in tins appeal because he was voluntarily, dismissed as ⅜ party below,

. Section 559.715 states: “This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee -is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.”

. Section 559.72(9) states: "In collecting consumer debts, no person shall: Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.”

. Jurisdiction is proper. See Equity Residential Prop. Trust v. Yates, 910 So.2d 401 (Fla. 4th DCA 2005); Whigum v. Heilig-Meyers Furniture Inc., 682 So.2d 643, 646 (Fla. 1st DCA 1996).

. Section 559.77 states the "[a] debtor may bring a civil action against a person violating the provision of s. 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred.”

. Section 86,021 states: "Any person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed,- will, franchise, or other article, memorandum, or instrument , in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.”