NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JACARANDA, LLC,             )
                                    )
         Appellant,        )
                                    )
v.                            )      Case No.  2D15-3561
                                    )
GREEN TREE SERVICING, LLC,    )
                                    )
         Appellee.        )
                                    )

Opinion filed November 2, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Manatee County;
John F. Lakin, Judge.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellant.

David Rosenberg and Daniel S. Stein of
Popkin & Rosaler, P.A., Deerfield Beach, for
Appellee.


BADALAMENTI, Judge.

        This is an appeal of a denial of a motion to vacate a final judgment of

foreclosure premised upon the entry of a clerk's default.  Jacaranda, LLC (Jacaranda)

filed a quiet title action against Green Tree Servicing, LLC (Green Tree) concerning a

property that Jacaranda purchased at a judicial auction.  Green Tree subsequently filed

a separate foreclosure action against Jacaranda concerning the same property. Although Green Tree initially served Jacaranda with process to notify Jacaranda of this foreclosure action, Green Tree failed to notify Jacaranda or Jacaranda's counsel that Green Tree had moved for and obtained a clerk's default in the foreclosure action. The trial court subsequently entered a final judgment of foreclosure in favor of Green Tree and then denied Jacaranda's motion to vacate that final judgment. We hold that the trial court abused its discretion by denying Jacaranda's motion to vacate. Green Tree had actual knowledge both that Jacaranda intended to defend the foreclosure lawsuit and that Jacaranda was represented by counsel. As such, Green Tree's failure to notify Jacaranda or its counsel of its intention to seek the entry of a clerk's default invalidated the clerk's entry of default and rendered the subsequent final judgment it is premised upon void. We thus reverse the denial of Jacaranda's motion to vacate the final judgment and remand for proceedings on the merits.

"An order denying a motion to vacate a clerk's default is reviewed under an abuse of discretion standard." Makes & Models Magazine, Inc. v. Web Offset Printing Co., 13 So. 3d 178, 181 (Fla. 2d DCA 2009) (citing U.S. Bank Nat'l Ass'n v. Lloyd, 981 So. 2d 633, 639 (Fla. 2d DCA 2008)). "We acknowledge that 'default judgments are generally not favored by the courts, and a court's discretion should be liberally exercised and all reasonable doubt resolved in favor of granting applications for relief so as to permit a determination of the controversy upon the merits.' " Paul v. Wells Fargo Bank, N.A., 68 So. 3d 979, 981 (Fla. 2d DCA 2011) (quoting U.S. Tobacco Co. v. Hartford Accident & Indem. Co., 444 So. 2d 81, 83 (Fla. 2d DCA 1984)).

"[A] trial court should vacate an ex parte default when the 'plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default.' " Makes & Models Magazine, Inc., 13 So. 3d at 181 (quoting Lloyd, 981 So. 2d at 640). A plaintiff has actual knowledge of a defendant's intention to defend a lawsuit and actual knowledge that the defendant is represented by counsel where the two parties simultaneously participate in another lawsuit which involves the same dispute and where plaintiff knew that defendant is represented by counsel in that other lawsuit. See id.

Here, the trial court was required to consider a two-part inquiry: (1) whether Green Tree had actual knowledge that Jacaranda intended to defend the foreclosure lawsuit, and (2) whether Green Tree had actual knowledge that Jacaranda was represented by counsel. See id. (citing Lloyd, 981 So. 2d at 639). Jacaranda's active participation in the quiet title action, which involved the same property, gave Green Tree actual knowledge of Jacaranda's intention to defend Green Tree's foreclosure action. See id. Moreover, it is both undisputed and abundantly clear that Green Tree had actual knowledge that Jacaranda was represented by counsel in the quiet title action.

Green Tree had an obligation to notify Jacaranda or Jacaranda's counsel prior to moving for default in the foreclosure action. See id. Because Green Tree failed to satisfy this obligation, the clerk's default is invalid and the final judgment it is premised upon is therefore void. See id. We thus reverse the trial court's denial of Jacaranda's motion to vacate the final judgment of foreclosure.

Reversed; remanded for proceedings consistent with this opinion.


SILBERMAN and CRENSHAW, JJ., Concur.