Klingensmith, J.
Appellant Eulogio Lisca sued appellee Florida Atlantic Construction, Inc. (“FAC”) after he fell down an elevator shaft and was injured. During the litigation, FAC filed a motion to add a counterclaim against appellant for declaratory relief. When appellant failed to file a responsive pleading to that counterclaim, the court entered a default against him. For the .reasons set forth below, we affirm, the court’s entry of default.
Appellant was an employee for a subcontractor on a construction project for which FAC was the general contractor. Appellant received workers’ compensation benefits *874 from his employer, and later filed a personal injury complaint against FAC.
FAC filed its first motion for final summary judgment on October 29, 2010, arguing that it was entitled to workers’ compensation immunity because appellant was not merely a “materialman.” After that motion was denied, FAC filed another motion for summary judgment on June 13, 2013, this time arguing that FAC was entitled to summary judgment because when appellant signed a workers’ compensation settlement agreement with his employer, he-agreed to release FAC from any liability as well. Two weeks later, FAC filed a motion to add a counterclaim against appellant for declaratory relief, arguing the same point it raised in its first motion for summary judgment that was denied. The court granted FAC’s motion to amend on September 11, 2013, and provided appellant twenty days to respond to FAC’s counterclaim.
Twenty days later, appellant filed a motion for extension of time to respond to FAC’s counterclaim. Based on an agreement between the parties, the court granted appellant’s motion for extension of time.However, instead of filing a responsive pleading, appellant then filed a motion to dismiss FAC’s counterclaim. In the motion, he argued that the counterclaim was untimely because it was compulsory, and improper because the court already ruled on the issue of whether FAC was entitled to workers’ compensation immunity when it denied FAC’s first motion for summary judgment. A hearing on the motion to dismiss was scheduled for December 9, 2013, and when appellant’s trial counsel failed to appear, the court decided it could render its decision based on the motions filed by the parties, and denied appellant’s motion to dismiss. The court ordered appellant to respond to FAC’s counterclaim for declaratory relief within ten days.
. On December 19, 2013, appellant then filed another motion for 'an extension of time. Appellant’s counsel stated- that she could not attend the prior hearing because she had a conflict with another case and unsuccessfully tried to inform the court. Counsel argued that her client would be denied due-process if he was not able to challenge the order denying appellant’s motion to dismiss.
The hearing on this request for an extension of time was. scheduled for March 27, 2014. However, on that date .appellant’s trial counsel filed a last-minute emergency motion for continuance, stating that she could hot attend the hearing due to “medical reasons.” Despite counsel’s absence, the trial court issued an order giving appellant another twenty days to file an answer to FAC’s counterclaim.
Instead of responding to the counterclaim as ordered, appellant’s counsel filed another motion on April 17, 2014. This time, counsel requested yet another enlargement of time to respond to FAC’s counterclaim and for reconsideration. In addition to requesting that the court reconsider its order denying the. motion to dismiss FAC’s counterclaim, counsel also argued that she should be given more time to respond- because of medical reasons.
On April 29, 2014, FAC filed its motion for default, arguing that, pursuant to Florida Rule of Civil Procedure 1.500(b), appellant failed to properly defend against FAC’s counterclaim by not filing an answer almost eight months after- being ordered to do so. The next day, appellant’s counsel responded by filing a “motion to strike and for sanctions and for a continuance.”
On August 12, 2014, the court conducted a hearing on FAC’s second motion for summary judgment. Although the court did not rule on the summary judgment during this proceeding, at the end of the *875 hearing FAC asked the court about its motion for default based on appellant’s failure to answer the counterclaim. The following exchange then took place:
[FAC’s COUNSEL]: Your Honor, we have a—we’ve got a motion for default. We have a counterclaim based on the immunity issue, and we have a motion for default....
THE COURT: Okay.
[FAC’s COUNSEL]: Can we set it— getting—as you know, getting a special set with Your Honor is like March now. Is there any way we can call that on UMC? I believe it’s less than a five-minute hearing. It’s essentially they just haven’t responded to our counterclaim, and I just want them to answer or get defaulted.
THE COURT: Okay.
[APPELLANT’S COUNSEL]: We have a motion for extension.
[FAC’s COUNSEL]: This would be the third extension.
THE COURT: I’m not extending anything. I’m not—so let me just—I didn’t meant to be rude, but I’m not extending anything. You all need to file your answers and your paperwork in a timely fashion. This case has gone on for a long, long-time. So the answer is, is that if they’ve got a motion for default and you haven’t responded to it, I suggest you get your response in, like, right away before I get to the hearing.
[APPELLANT’S COUNSEL]: Yes, sir. Absolutely. I get it.
THE COURT: Okay. And then we’ll go on from there.
[APPELLANT’S COUNSEL]: I understand.
THE COURT: Okay. Good. So we’ll get that out of the way.
[FAC’s COUNSEL]: Your Honor, may I call that a UMC?
THE COURT: You can; but if they go ahead and file an answer, there won’t be a default.
[FAC’s COUNSEL]: Absolutely. I’ll withdraw it. Sure.
Appellant never filed .his answer. On September 18, 2014, the court conducted a hearing on FAC’s motion to default as well as appellant’s April. 17, 2014 motion for out-of-time enlargement .to respond to FAC’s counterclaim and for reconsideration. Appellant’s counsel argued that the court should not enter default because she was unable to attend earlier'hearings due to medical emergencies and because the trial court should have never allowed FAC to file its counterclaim since it was compulsory and the time for doing so had elapsed. The next day, the court issued its order denying appellant’s motion for out-of-time enlargement and for reconsideration, and granting FAC’s motion for default on the counterclaim. In that order, the court observed that f‘[t]his Plaintiff has been given every opportunity to plead and defend and has failed or refused to do so. The allegations of the Counterclaim aré deemed admitted.”
Inexplicably, appellant waited until December 1, 2014—nearly ten weeks after the default’s entry—to move to set aside the default. On March 25, 2015, a hearing on that motion was held before a successor judge. At the end of the-hearing, the judge stated that from the record it appeared that the default was not.entered s,s a sanction, but as ,a procedural ruling based on appellant’s inability to file an answer to FAC’s counterclaim despite numerous opportunities to comply. The court denied appellant’s motion to set aside the default, citing counsel’s failure to demonstrate excusable neglect in failing to file an answer to the counterclaim, lack of due diligence in timely seeking to set aside the default, and failure to.establish a meritorious de *876 fense. Over four months after this hearing, the court entered a final judgment for FAC based on the default. This appeal followed.
Appellant argues the court lacked jurisdiction to allow FAC to assert the counterclaim. Appellant also alleges error in the court’s entry of a default because of his failure to answer the counterclaim. We disagree on both issues.
We review a trial court’s ruling on a motion to amend the pleadings for abuse of discretion. Morgan v. Bank of New York Mellon, 200 So.3d 792, 794-95 (Fla. 1st DCA 2016).
Appellant relies on State, Department of Environmental Protection v. Garcia, 99 So.3d 539 (Fla. 3d DCA 2011), for the proposition that the court lacked jurisdiction to grant the right to file the declaratory judgment counterclaim. We do not find that case analogous to the situation presented here. The Garcias obtained a claims bill following a settlement in a lawsuit with a defendant municipality. Id. at 542. Another defendant, the Department of Environmental Protection, then filed a motion for summary judgment on one of its affirmative defenses, arguing that section 11.065(2), Florida Statutes (1978), precluded the Garcias from presenting another claims bill to the legislature for the same incident. Id. That motion was denied. Id. Because the court’s denial of the Department’s motion for summary judgment was not appealable, the Department asked the Garcias if it could file a declaratory action and make the same argument it made in its motion for summary judgment. Id. The Garcias agreed to the Department’s request and answered the declaratory action, maintaining that the submission of multiple claims bills was not barred by section 11.065(2). Id. at 542-43. The Garcias then filed a motion for summary judgment, and the court granted it and entered final declaratory judgment in the Garcias’ favor. Id. at 543.
The Third District Court of Appeal reversed the trial court’s final judgment in favor of the Garcias and remanded with instructions to dismiss the Department’s declaratory judgment action. Id. at 547. The court reasoned that trial courts only have jurisdiction to render declaratory judgments when the party seeking the declaratory judgment demonstrates that “he is in doubt as to the existence or nonexistence of some right or status ... [and] there is a bona fide, actual, present, and practical need for the declaration.” Id. at 544 (citations omitted). Thus, the Department’s complaint for declaratory relief was insufficient to invoke the jurisdiction of the trial court to render a declaratory judgment because the Department was not in doubt as to the existence of its rights or status:
The Department is not in doubt as to the existence of its rights or privileges, if any, under section 11.065(2). Rather, the Department was admittedly seeking an advisory opinion from this Court on the correctness of the trial court’s previous denial of summary judgment in the negligence proceeding in order to avoid the time and expense of trial in that proceeding if we decide that ruling was in error.
Id. at 545.
The Third District further reasoned that the trial court lacked jurisdiction since the Department did “not have a bona fide, actual, present need for a declaration” that the Garcias were prohibited from submitting another claims bill to the Legislature in part because “the decision whether or not to pass a claims bill and pay any or all of a claim is entirely a legislative function completely independent of judicial intervention.” Id. As the court explained:
*877 The Department’s attempt to prevent the Garcias from obtaining a judgment in the negligence case is also legally meaningless because the Garcias are always free to go directly to the Legislature with their claim against the Department, without a judgment in hand, and pursue the non-judicial, purely legislative, claims bill process.
Id. at 546.
Alternatively, we find that Berrios v. Deuk Spine, 76 So.3d 967 (Fla. 5th DCA 2011), is better applied to the facts of this case. There, a plaintiff filed suit against Berrios, alleging he was negligent in causing a motor vehicle accident that resulted in her injuries, some of which were treated by Deuk Spine. Id. at 968. Among his affirmative defenses, Berrios asserted that certain invoices from Deuk Spine were not lawful or not properly payable. Id. Berrios then filed a counterclaim for declaratory relief, seeking to make Deuk Spine a party to the lawsuit. Id. The trial court dismissed the counterclaim with prejudice, finding that the reasonableness of the plaintiffs medical expenses would be determined through plaintiffs complaint and no additional parties were necessary. Id. at 969.
The Fifth District Court of Appeal affirmed the trial court’s dismissal of the counterclaim for declaratory relief. Id. at 972. However, instead of finding a lack of subject matter jurisdiction to hear the counterclaim, the appellate court held that the filing of the counterclaim was within the trial court’s discretion, and provided the following rule on when trial courts may hear such a counterclaim:
While the existence of another available remedy does not preclude a judgment for declaratory relief, a viable declaratory claim must be asserted and exceptional circumstances must be shown for the prosecution of such a claim where there is a pending suit at the time the action is initiated, and the issues raised in the action can be resolved in the pending suit.
Id. at 970. This is consistent with the principle that allowing a party to assert a counterclaim is a matter of discretion, and “[l]eave of court shall be given freely when justice so requires.” Fla. R. Civ. P. 1.190(a); see also Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991) (“As a general rule, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.”).
Unlike the situation involving the complaint for declaratory judgment in Garcia, there is no indication that the declaratory judgment was filed by FAC despite a lack of doubt as to the existence of its rights or status, or that it was merely proffered as an attempt to obtain an advisory opinion from an appellate court and circumvent the rules against appealing non-final orders. 99 So.3d at 545. Nor was the subject matter of the FAC counterclaim as legally meaningless as it was in Garcia, where the complaint for declaratory relief was filed for the purposes of obtaining an impermissible judicial remedy for a purely legislative process. Id. at 545-46. Thus, even if we were to find the trial court erred in allowing FAC to file' the counterclaim because it prejudiced appellant by forcing him to respond to a needless counterclaim, the default judgment entered against appellant was not void for lack of subject matter jurisdiction.
“An order denying a motion to vacate a default is reviewed under an abuse of discretion standard.” Lloyd’s Underwriter’s at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001).
The default entered against appellant for failing to file a responsive pleading *878 to the counterclaim was entered by the operation of Florida Rule of Civil Procedure 1.500(b), which provides:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any document in the action, that party must be served with notice of the application for default. :■
Fla. R. Civ. P. 1.500(b) (emphasis added).
' Appellant’s first argument is that the court erred when.it entered default because his April 17, 2014 motion for enlargement of time to respond to the counterclaim and for reconsideration was still pending. This’ argument is meritless. The court denied this motion at the end of the healing on FAC’s second motion for summary judgment on August 12, 2014, when the court, in response to appellant’s counsel’s- inquiry about the motion for extension, specifically told counsel that it was “not extending anything.” The court also denied appellant’s motion for enlargement of time and reconsideration in its September 22, 2014 order.
Appellant’s second argument is that the court should not have entered a default for his failure “to plead or otherwise defend” because, even though appellant failed to file an answer, he sufficiently responded to FAC’s counterclaim by filing a motion to dismiss, and when that was denied, by subsequently filing multiple motions for extensions and reconsideration. We disagree.
Under rule 1.500(b), trial courts are permitted to enter a default against a party engaged in inexcusable dilatory practices, such as the filing of numerous nonrespon-sive motions. See Ziff v. Stuber, 596 So.2d 754, 755 (Fla. 4th DCA 1992) (“The filing of a nonresponsive ‘paper’ filed as a delaying tactic, such as a notice of appearance, is an abuse of process supporting a default entered by the court under subsection (b) of the rule without notice of hearing.”); Gulf Maint. & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 816 (Fla. 1st DCA 1989) (“The entry of default is appropriate where a defendant does not intend to appear and defend the merits of the action or engages in dilatory practices in bad faith solely for purposes of hindrance and delay.”).
Here, appellant failed to file an answer to the counterclaim or some other substantive response for over a year, despite being given multiple opportunities to do so. Appellant was also provided sufficient notice of FAC’s motion for default. More than a month before the hearing on that motion, the court explicitly warned appellant’s trial counsel that appellant must file an answer to avoid default. In -sum, .given that the trial court was in a better position to consider the ■ overall history of the litigation and the conduct of appellant’s trial counsel throughout the case, we,cannot say that the court abused its discretion when it entered a default against appellant and thereafter denied his motion to vacate the default.[1]

Affirmed.

May and Kuntz, JJ., concur.

. The conduct of appellant’s trial counsel in this case fell far below the standards, of practice and professionalism expected of attorneys of The Florida Bar. See R. Regulating Fla. Bar 4—8.4(d). In addition to failing to file an un-swer to FAC’s counterclaim for over a year, appellant’s trial counsel also sent insulting and racially charged emails referring to FAC’s counsel, one of which stated that ‘‘[FAC’s *879 counsel] is a Japanese-American. He wouldn't know the truth if it hit him in the derriére.” Appellate counsel had no role in the underlying litigation and was not involved in representing appellant until after the default was entered.