# Third District Court of Appeal

## State of Florida

Opinion filed October 10, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2798
Lower Tribunal No. 17-991
_____


**Ralph Robles and Norma Robles,**
Appellants,

vs.

**Federal National Mortgage Association, etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Pomeranz & Associates, P.A., and Mark L. Pomeranz (Hallandale), for appellants.

Popkin & Rosaler, P.A., and Daniel S. Stein and Mary Pascal Stella (Deerfield Beach), for appellee.


Before ROTHENBERG, C.J., and FERNANDEZ and SCALES, JJ.

ROTHENBERG, C.J.

Ralph and Norma Robles (collectively, "the appellants") appeal from a summary final judgment of foreclosure entered on November 27, 2017 in favor of the appellee, Federal National Mortgage Association ("Fannie Mae"). The summary judgment of foreclosure followed the order of a judicial default entered on June 22, 2017. For the reasons that follow, we affirm.

## BACKGROUND

Ralph Robles ("Robles") executed a note in favor of Bank of America, N.A. on September 16, 2005. The note was secured by real property located in Miami, Florida. Fannie Mae is the owner and holder of the note. Robles stopped making payments on the note on February 1, 2012, and defaulted on the note; Fannie Mae initiated a foreclosure action on January 12, 2017; and the appellants were served with the complaint on January 26, 2017.

On February 15, 2017, counsel representing the appellants filed a notice of appearance, a notice of unavailability, and a motion for a thirty-day extension of time to file an answer, which was unopposed and granted on May 1, 2017, thereby giving counsel until May 31, 2017 to file an answer. When no answer was filed by the appellants, Fannie Mae filed an *ex parte* motion for a default on June 16, 2017. Despite being captioned as "*ex parte*," the motion was served on all parties, including counsel for the appellants. Counsel for the appellants, who does not dispute that he was served with the motion, took no action, filed no answer, and

2

did not move for an extension of time. On June 22, 2017, the trial court entered a default and the order was sent to all parties, including the appellants' counsel. Again, counsel for the appellants took no action, including failing to petition the trial court to set aside the order of default, even though it is undisputed that he received the order indicating that a default had been entered.

Four months after the entry of the default and the trial court's notice to the appellants and their counsel, Fannie Mae filed a motion for summary judgment of foreclosure. Thereafter, on October 27, 2017, Fannie Mae filed a notice of hearing setting its motion for summary judgment of foreclosure for November 27, 2017, and served all parties, including counsel for the appellants. Again, the appellants took no action, and on November 27, 2017, the trial court entered a final judgment of foreclosure. This appeal followed.

## STANDARD OF REVIEW

The parties agree that the question of whether a judgment is void is reviewed *de novo*. Infante v. Vantage Plus Corp., 27 So. 3d 678, 680 (Fla. 3d DCA 2009). Foreclosure judgments based on an order of default are reviewed for an abuse of discretion. Jacaranda, LLC v. Green Tree Servicing, LLC, 203 So. 3d 964, 965 (Fla. 2d DCA 2016).

The appellants contend that because they filed a motion for an extension of time, they were entitled to a hearing prior to the entry of a default. Because there

3

was no hearing, they contend that the entry of the default and the default final judgment are void. The appellants also contend that the judicial default entered by the trial court amounted to a sanction, and thus the trial court was required to consider the requisite factors announced in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993). As will be discussed below, because the appellants failed to file a **responsive pleading**, no hearing was required, and because they received notice and an opportunity to be heard, the default was properly entered, and the judgment is not void. We also reject the argument that the default was issued as a sanction, thus requiring consideration of the Kozel factors.

## ANALYSIS

The true purpose of the entry of a default is to speed the cause of action and to prevent a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. Coggin v. Barfield, 8 So. 2d 9, 11 (Fla. 1942). It is well-established that under rule 1.500(b), Florida Rules of Civil Procedure, when a party against whom affirmative relief is sought has appeared in the action by filing or serving "any papers," no default may be entered against such party without prior notice of the application for default. Int'l Energy Corp. v. Hackett, 687 So. 2d 942-43 (Fla. 3d DCA 1997); see also Jacaranda 203 So. 3d at 966. This rule has been interpreted to require sufficient notice to afford an opportunity to be heard. McClenon v. Zartemi, 710 So. 2d 737, 739 (Fla. 3d DCA 1998); Green Solutions

4

Int'l Inc. v. Gilligan, 807 So. 2d 693, 696 (Fla. 5th DCA 2002); Zeigler v. Huston, 626 So. 2d 1046, 1048 (Fla. 4th DCA 1993).

Failure to provide notice of a default when "any paper" has been filed renders

the default void. M.W. v. SPCP Grp. V, LLC, 163 So. 3d 518, 522 (Fla. 3d DCA 2015). The appellants' motion for an extension of time constitutes "any paper." Thus, the appellants were entitled to receive sufficient notice of Fannie Mae's application for a court default. This notice requirement was satisfied in the instant case when the appellants, through their counsel, were served with the motion seeking a default. This notice was sent on June 16, 2017 and, after hearing nothing from the appellants, the trial court entered the default on June 22, 2017. The appellants do not suggest, and we do not find, that the appellants did not receive sufficient notice and an opportunity to be heard.

Contrary to the appellants' argument, there is no requirement to conduct a hearing prior to the entry of a default where the non-moving party has failed to defend the action. See Picchi v. Barnett Bank of S. Fla., N.A., 521 So. 2d 1090, 1091 (Fla. 1988); Fierro v. Lewis, 388 So. 2d 1361, 1362 (Fla. 5th DCA 1980). Although the filing of a notice of appearance or a motion for an extension of time constitutes "any paper" requiring notice prior to the entry of a default, they are not "responsive pleadings" reflecting the intent to defend the merits of the action and

requiring a hearing prior to the entry of the default. See Geer v. Jacobson, 880 So. 2d 717, 719 (Fla. 2d DCA 2004) (finding that a motion for extension of time does not constitute a responsive pleading for purposes of rule 1.190(a)); see also Ziff v. Stuber, 596 So. 2d 754, 755 (Fla. 4th DCA 1992) (finding that a notice of appearance constitutes a non-responsive paper).

The case of Lisca v. Florida Atlantic Construction, Inc., 219 So. 3d 872 (Fla. 4th DCA 2017), is instructive. In that case, Lisca failed to file an answer, or some other substantive response, to the counter-claim despite being given multiple opportunities to do so. Id. at 878. Instead, Lisca filed a motion to dismiss, and when that motion was denied, he filed multiple motions for extensions of time and for reconsideration. Id. There, like here, Lisca was also provided with notice of the plaintiff's motion for a default, id., and when Lisca failed to file a responsive pleading, the trial court entered a default against him. Id. at 873. On appeal, the Fourth District Court of Appeal noted that under rule 1.500(b), trial courts are permitted to enter defaults against parties who engage in dilatory practices such as the filing of numerous non-responsive motions, and based upon the record, affirmed the entry of the default. Id.

Here, the record reflects that the appellants took no action after receiving their thirty-day extension of time; receiving notice that Fannie Mae was seeking a judicial default based on their failure to respond to the complaint; and receiving

6

notice that based on the default, Fannie Mae was seeking to set, and had set, for hearing, its motion for summary judgment. In fact, the *only* documents filed by the appellants from the time the action was filed, until the entry of the final judgment, were the motions referenced above: counsel's notice of appearance, counsel's notice of unavailability, and the motion seeking an extension of time to file an answer to the foreclosure complaint. These documents contain no *indicia* that Robles intended to defend against the foreclosure action. We, therefore, conclude that the trial court committed no error by entering the order of default without first conducting a hearing.

We are likewise unpersuaded by the appellants' argument that the order of default entered in this case was entered as a sanction. The record in the instant case is devoid of any suggestion that the order of default in the instant case was entered as a sanction. Instead, the record unambiguously reflects that the default was entered due to appellants' failure to file a responsive pleading, establish excusable neglect, or otherwise defend against the foreclosure action. Accordingly, we conclude that the appellants received more than sufficient notice and failed to take action, and thus the record supports the entry of the order of default.

## CONCLUSION

Based on this record, we find that: (1) the appellants received sufficient notice that Fannie Mae was seeking a default against them for failing to file an answer or other responsive pleading to its foreclosure action; (2) despite this notice, the appellants filed no responsive pleading; (3) because the appellants filed no responsive pleading they were not entitled to a hearing prior to the entry of the default; (4) the order of default did not constitute a sanction; and (5) the default was warranted. Accordingly, we find no error and affirm.

Having found no error, we likewise find that the appellants are not entitled to an award of attorney's fees.

Affirmed.