# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-279
Lower Tribunal No. 17-17025
_____

**Wen Liu,**
Appellant,

vs.

**University of Miami,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Wen Liu, in proper person.

Isicoff Ragatz and Eric D. Isicoff and Matthew L. Lines and Christopher M. Yannuzzi, for appellee.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

PER CURIAM.

We affirm the final, in rem, judgment of foreclosure entered in favor of

the appellee, the University of Miami, and the trial court's order requiring the appellant, Wen Liu, to pay $1,800.00 in expenses for failure to attend a deposition under Florida Rule of Civil Procedure 1.310(h)(1), without discussion. See Gonzalez v. Fed. Nat'l Mortg. Ass'n, 276 So. 3d 332, 335 (Fla. 3d DCA 2018) ("To the extent the trial court's final judgment of foreclosure 'is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.'" (quoting Verneret v. Foreclosure Advisors, LLC, 45 So. 3d 889, 891 (Fla. 3d DCA 2010))); Robles v. Fed. Nat'l Mortg. Ass'n, 255 So. 3d 986, 988 (Fla. 3d DCA 2018) ("Foreclosure judgments based on an order of default are reviewed for an abuse of discretion."); Delta Rent-A-Car, Inc. v. Rihl, 218 So. 2d 467 (Fla. 4th DCA 1969) (reviewing for abuse of discretion imposition of expenses under rule 1.310 when party giving notice of taking deposition fails to attend). To the extent Liu seeks review of orders entered in another related, but unconsolidated case, lower tribunal number 2018-006518-CA-01, we dismiss the appeal for lack of jurisdiction. See Thornber v. City of Fort Walton Beach, 534 So. 2d 754, 755 (Fla. 1st DCA 1988) ("It is axiomatic that appellate review is confined to the record on appeal."). Having upheld the final foreclosure judgment, we note that the University of Miami has commendably represented that after jurisdiction returns to the trial court,

2

it is prepared to issue a satisfaction of judgment.

Affirmed in part, dismissed in part.