# Third District Court of Appeal

## State of Florida

Opinion filed June 3, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1700
Lower Tribunal No. 25-476-CA-01
_____

**Janvier Villars,**
Appellant,

vs.

**Buckley Towers Condominium, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Janvier Villars, in proper person.

Law Offices of Steven B. Katz, P.A. d/b/a SBK Legal, and Steven B. Katz (Coral Springs), for appellee.

Before LOGUE, LINDSEY, and MILLER, JJ.

PER CURIAM.

Appellant, Janvier Villars, appeals from a default final judgment foreclosing a lien for past due condominium association assessments in favor of appellee, Buckley Towers Condominium, Inc. (the "Association"). Villars raises a myriad of issues on appeal, but none vary the conclusion that he failed to file a responsive pleading to the complaint, the trial court afforded the parties notice and an opportunity to be heard, and the Association established the outstanding assessments by way of affidavit with attachment. Accordingly, we discern no reversible error and affirm the judgment under review. See Robles v. Fed. Nat'l Mortg. Ass'n, 255 So. 3d 986, 989 (Fla. 3d DCA 2018) ("[T]rial courts are permitted to enter defaults against parties who engage in dilatory practices such as the filing of numerous non-responsive motions . . . ." (citing Fla. R. Civ. P. 1.500(b) ("When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the party seeking relief may file and serve a motion for default. The court may then enter a default against a party against whom affirmative relief is sought.") and Lisca v. Fla. Atl. Constr., Inc., 219 So. 3d 872, 873 (Fla. 4th DCA 2017) ("When appellant failed to file a responsive pleading to that counterclaim, the court entered a default against him."))); see also MacDonnell v. U.S. Bank N.A. as Tr. for Truman 2013 SC4 Title Tr.,

293 So. 3d 585, 589 (Fla. 2d DCA 2020) ("The defaulted party has a due process right to notice and an opportunity to be heard on the subject of unliquidated damages.") quotation omitted)); <u>Shah v. Shah</u>, 178 So. 3d 70, 71 (Fla. 3d DCA 2015) ("Due process requires proper notice and an opportunity to be heard.").

    Affirmed.